THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v. CORNELIUS W. TRAVIS, DEFENDANT-RESPONDENT.

Argued April 24, 1967—Decided July 5, 1967.

*Mr. Robert C. Shelton, Jr.,* First Assistant Prosecutor of Sussex County, argued the cause for plaintiff-appellant (*Mr. Philip J. Kelly,* Prosecutor of Sussex County, attorney; *Mr. Shelton,* on the brief).

*Mr. William J. McGovern* argued the cause for defendant-respondent (*Mr. McGovern* and *Mr. Stephen Roseman,* on the brief).

The opinion of the court was delivered

PER CURIAM. Defendant was arrested on April 3, 1966, and shortly thereafter was indicted for robbery and murder. On June 3, 1966 he moved to suppress the statements made while he was in police custody. The motion was returnable June 24, 1966 but the State secured an adjournment in order to complete its affidavits.

The defendant and the State filed affidavits, and after reviewing them, the trial court ordered a full hearing without a jury as to whether the statements of the defendant were obtained in accordance with the requirements of *Miranda v. State of Arizona,* 384 *U. S.* 436, 86 *S. Ct.* 1602, 16 *L. Ed. 2d* 694 (1966). These requirements are:

"[An individual in custody] must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Opportunity to exercise these rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him." (384 *U. S.*, at *p.* 479, 86 *S. Ct.*, at *p.* 1630, 16 *L. Ed. 2d*, at *p.* 726)

The benefits of *Miranda* are available "to persons whose trials had not begun as of June 13, 1966," even though the statements were obtained prior to the date of the *Miranda* decision. *Johnson v. State of New Jersey,* 384 *U. S.* 719, 734, 86 *S. Ct.* 1772, 1781, 16 *L. Ed. 2d* 882, 893 (1966). Therefore, this case falls within *Miranda.*

Hearings were held, and thereafter the trial judge found the *Miranda* requirements had not been met and suppressed the statements.

The State's application for leave to appeal was granted.

As the trial judge had the benefit of hearing and observing witnesses testify, under *R. R.* 1:5–4(b) due regard

must be given by us to the opportunity of the trial court to judge the credibility of the witnesses.

The trial court found that the quality of the testimony of the State's witnesses was "vague, inconsistent, and lacked candor," and that not one of the State's witnesses had a clear recollection of what actually happened. The trial court was convinced that the State conducted its investigation and obtained the statements in accordance with standards acceptable for criminal investigation and interrogation in vogue in April 1966; i. e., investigating police were not required to warn the accused of all his rights but the failure to do so was a factor to be considered in determining the voluntariness of any statements obtained. The trial court held that the State did not sustain its burden of proving that the *Miranda* warnings were given and that defendant waived all his rights voluntarily, knowingly, and intelligently. See *Miranda, supra,* 384 *U. S.* 475–476, 86 *S. Ct.* 1628, 16 *L. Ed. 2d* 724–725.[1]

We have examined the record and we find no basis for reversal.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN — 7.

*For reversal* — None.

---

[1] We have not discussed the question as to whether or not a hearing before trial on voluntariness and admissibility of a statement allegedly given by the defendant should be the practice. In *State v. Willie Green,* 49 *N. J.* 244 (1967), we upheld the denial by the trial court of such a pretrial hearing. We therein pointed out that the Judicial Conference scheduled for May 11 and 12, 1967 would encompass a discussion concerning this practice. Pending our determination on this practice, no such pretrial hearing shall be held.