## CALVIN E. HALE *v.* STATE OF MARYLAND

[No. 40, September Term, 1968.]

*Decided November 7, 1968.*

The cause was argued before MURPHY, C.J., and ANDER-
SON, ORTH, and THOMPSON, JJ.

*R. Roland Brockmeyer* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Charles E. Moylan,
Jr., State's Attorney for Baltimore City,* and *Charles A. Hern-
don, Jr., Assistant State's Attorney for Baltimore City,* on the
brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was convicted by the court sitting without a jury
of the unauthorized use of a motor vehicle and sentenced to three
years under the jurisdiction of the Department of Correction.
He contends on this appeal that certain incriminatory statements
made by him during a custodial interrogation by the police were
admitted in evidence over his objection in violation of the prin-
ciples of *Miranda v. Arizona,* 384 U. S. 436.

The record discloses that appellant was arrested by the po-
lice after having been apprehended in a motor vehicle reported
stolen by its owner. He was taken to police headquarters, in-
terrogated by the investigating officers, and an oral statement
taken from him.

Officer Ronald Mikles testified that before appellant was in-
terrogated he was "advised of his rights;" that "the warning
card" which was kept in the interrogation room was read and
explained to appellant and appellant stated that he understood;
and that the warning card was actually shown to appellant and

he read it himself. The court inquired of Officer Mikles: "Do you have the card there?" The officer stated that he did not, but that appellant "was advised of his rights to counsel; he didn't have to say anything and anything that he did say could be used against him in court." In response to further inquiry by the State's Attorney, Officer Mikles stated that he couldn't remember if anything else was on the card. The card was neither offered nor received in evidence. On this foundation, the appellant objected to the introduction of his oral statement, but the court nevertheless admitted it into evidence. By his statement, appellant admitted that he knew the car was stolen.

In *Robinson v. State*, 1 Md. App. 522, we held that where the State undertakes over objection to introduce a statement taken by police during a period of custodial interrogation, it must show that the accused had been advised prior to such interrogation of his rights under *Miranda, viz.*, (1) that he had a right to remain silent; (2) that anything he said may be used against him in court; (3) that he had a right to have a lawyer with him during the questioning and to consult with him at that time, and (4) that if the accused was indigent, a lawyer would be appointed to represent him. In *Robinson v. State*, 3 Md. App. 666, 671, we again held that in post-*Miranda* trials where the State seeks over objection to enter a statement taken from an accused during custodial interrogation, it must, as part of its proof of voluntariness, *"affirmatively* show that all warnings required to be given to an accused by that case prior to such interrogation were so given * * * and that the accused, in giving the statement, understood his rights and knowingly and intelligently waived them * * *."

The law could hardly be clearer since the *Miranda* decision itself states at page 479 that "unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him."

In *Wiggins v. State*, 4 Md. App. 95, 107 (footnote 7), we flatly held that a mere statement that the accused was "advised of his rights" would not be sufficient proof under *Miranda.*

At most, the record before us discloses that appellant was advised that he had a right to remain silent, a right to counsel,

and that anything he said could be used against him. Insofar as the record shows, he was not told that he had a right to consult with a lawyer and to have the lawyer with him during the interrogation, as required by *Miranda*. See *Duckett v. State,* 3 Md. App. 563. Nor was he told that if indigent a lawyer would be appointed to represent him, as required by *Miranda*. See *Robinson v. State,* 1 Md. App. 522. There being no showing in the record that these warnings were actually given to the accused, we hold that his statement was improperly admitted in evidence over his objection. In so concluding we have considered, but do not find, that the error was harmless under *Chapman v. California,* 386 U. S. 18, nor do we find that the error was cured when appellant, testifying on his own behalf, admitted that the police "advised me of all my rights." See *Hunt v. State,* 2 Md. App. 443. And we point out that in no event could appellant be deeemed to have knowingly and intelligently waived his right to counsel under *Miranda* since the record does not show that he was ever properly advised of these rights. See *Brown v. State,* 3 Md. App. 313; *Duckett v. State, supra.*

We think that reading the four-fold *Miranda* warnings to the accused from a so-called *"Miranda* card" is a sound police practice so long as the data on the card is in full compliance with *Miranda* standards. There is, of course, no requirement that a police officer memorize the *Miranda* warnings and testify from his memory at the trial precisely as to what he actually told the accused prior to interrogating him. It is sufficient if, at trial, the officer is able to testify that he read the warnings to the accused from the *"Miranda* card," followed by a reading into evidence of what was read from the card. There is no requirement that the card itself be introduced into evidence. But as heretofore indicated, it is not sufficient for the police officer to simply state that he advised the accused of his *Miranda* rights or that he read the *Miranda* card to him. There must be a clear-cut showing in the record that the requisite warnings were in fact given.

In addition to proving voluntariness under the principles enunciated in *Miranda,* the State must show that the statement sought to be introduced, whether it be a confession or a significantly incriminating admission, was voluntarily given within

the constitutional test articulated in *Malloy v. Hogan,* 378 U. S. 1, namely, that the statement was not extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. Whether appellant's statement be classified as a confession or a significantly incriminating admission,[1] the record before us does not show proof of voluntariness under the *Malloy* test, despite appellant's general objection to its admissibilty.[2]

*Judgment reversed; case remanded for a new trial.*

1. See *Stewart v. State,* 232 Md. 318; *Plumley v. State,* 4 Md. App. 671.

2. Appellant additionally contends that the evidence was insufficient to support his conviction because the vehicle had been taken from the possession of a bailee (parking lot) and there was no testimony offered at the trial to show that the bailee did not give permission to take the car. While the State characterizes this contention as "bizarre," we think it is the State's burden to show that the accused possessed the requisite criminal intent under Section 349 of Article 27—an intent which possibly could not be demonstrated if the bailee, lawfully in possession of the vehicle, permitted its use, and there was no admission by the accused properly in evidence that he knew the car was stolen. *See Thompson v. State,* 4 Md. App. 31; *Johnson v. State,* 2 Md. App. 486.