MANN, Judge.
Two groups will find this case instructive. The first includes those who assume that the police in a small Southern town will not respect the civil rights of a 65-year old Negro citrus grove worker accused of stabbing another man. The second includes those who argue that the decisions of the Supreme Court of the United States declaring the extent of an American’s constitutional rights, which this Court is sworn to protect, impose an unreasonable burden on law enforcement officers.
In this case the police department of Haines City followed the procedure of reading to the accused person in custody the following:
“Before we ask you any questions, you must understand your rights.
“You have the right to remain silent.
“Anything you say can be used against you in court.
“You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning if you wish.
“If you cannot afford a lawyer one will be appointed for you before any questioning if you wish.
“If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.
“A lawyer will also be provided for you now, if you wish, by the public defender, Lee R. Horton, Jr. 9 Alcoma Arc, Lake Wales, Florida, whom you may call at 676-5314.
“Waiver of rights. I have read this statement of my rights, and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.”
Acknowledgment by Ray that his rights were thus explained to him was signed by him in the presence of a witness. The reading to him of his rights and the statement he thereafter made is preserved for review by the trial and appellate courts on the original disc recorded at the time and by a typewritten transcript. Miranda v. Arizona, 348 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, 10 A.L.R.3d 974 (1966), is followed faithfully in this commendable procedure. We hold that Ray’s statement was voluntary and admissible.
Appellant’s counsel argues that the testimony conclusively proves self-defense, but the record shows that it was a question properly submitted to the jury.
Affirmed.
HOBSON, Acting C. J., and McNULTY, J., concur.