240 So.2d 486 (1970)
STATE of Florida, Appellant,
v.
Harold GRAHAM, Appellee.
No. 69-681.
District Court of Appeal of Florida, Second District.
October 30, 1970.
Earl Faircloth, Atty. Gen., and Roger W. Foote, Asst. Atty. Gen., Tallahassee, for appellant.
Donald B. Hadsock, Special Asst. Public Defender, Bradenton, for appellee.
MANN, Judge.
This case brings to mind Judge Wyzanski's observation that law "teaches more effectively than philosophy itself that process is the only reality, that the procedures of the past, the present, and the future are the ways in which our substantive ideals come to realization."[1]
At the hearing on the motion to suppress admissions and confessions allegedly made by defendant, testimony established that defendant was arrested on incriminating information provided by one Calvin Williams. At the county jail a deputy advised defendant of his rights, but did so "off the top of [his] head." No record was made of this transaction, although they do it easily enough at the Haines City Police Department.[2] Defendant testified he was told he could have the assistance of a lawyer, but was not told, nor did he understand, that he was entitled to counsel before answering any questions. Defendant *487 also testified his statement had been prompted by the deputy's assertion that "Williams had lied a lot and that it would be best for me to tell what happened and clear myself up." To the court's inquiry how defendant indicated he wanted no attorney, the deputy responded: "He said that he would talk to me and that he didn't indicate that he did want an attorney or did not want an attorney." Defendant was incarcerated in the county jail after his initial interview with the deputy, and on the next morning defendant signed a written version of the previous day's incriminating statement. The writing contained a standard recitation of defendant's constitutional rights.
At the conclusion of the evidentiary hearing, the able trial judge indicated the court had "some doubts as to his [Graham's] understanding of this situation." This raises issues concerning both the adequacy of the warning given the defendant and the quantum of proof necessary to sustain the state's clear burden of showing a knowing and intelligent waiver of defendant's right to counsel.
We deem it prudent to observe that where Miranda warnings are given informally and without the preservation of an uncontrovertible record, the state runs the risk that its officers will be disbelieved. Miranda makes it clear that an accused must be informed that he has a right to counsel prior to interrogation. Here, defendant testified he did not understand that he had a right to an attorney before he answered any questions, and the deputy admitted upon cross-examination that he had given defendant the Miranda warnings "off the top of [his] head."
Long before Miranda, the prevailing federal and state rule concerning the admissibility of confessions in criminal cases required a determination that a confession was voluntary and the product of the defendant's free will. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Bates v. State, 78 Fla. 672, 84 So. 373 (1919). Jackson v. Denno, supra, requires that someone other than the convicting jury make an independent determination of voluntariness before a confession is submitted to the jury. However, as pointed out by Justice Black in his partial dissent,[3] the Court failed to specify the quantum of proof required conclusively to establish voluntariness. The philosophical issues and turmoil created by this omission are well reflected in the opinion and dissent in Pea v. United States, 130 U.S. App.D.C. 66, 397 F.2d 627 (1967) overruling Judge Burger's opinion in Clifton v. United States, 125 U.S.App.D.C. 257, 371 F.2d 354 (1966). Clifton specifically rejected the notion that voluntariness must be determined beyond a reasonable doubt before a confession is admitted for jury consideration, and insisted that Jackson only required a procedure providing a "reliable determination on the voluntariness issue." Clifton at 359. The same court, sitting en banc in Pea v. United States, supra, held that the trial judge in a hearing on voluntariness must be convinced beyond a reasonable doubt. Judge Burger, in a dissent joined by two other judges, said:[4]

*488 "This case is but another manifestation in this court of a tendency  happily not widespread in appellate courts  to follow the Jerome Frank syndrome  a school of thought which profoundly mistrusts juries, and prefers fact finding by one judge whose conclusions can more readily be upset by appellate judges." (footnote omitted.)
Among the states there is a split of authority. A significant number have committed themselves to reasonable doubt,[5] while others permit a lesser degree of proof.[6]
Miranda raised to constitutional status the now familiar procedural steps that must precede all custodial interrogations, and it also raised an issue concerning the interrelationship between the new procedural safeguards and the traditional test of voluntariness. This issue was at least partially resolved in Johnson v. New Jersey, 384 U.S. 719 at 731, 86 S.Ct. 1772 at 1779, 16 L.Ed.2d 882 (1966):
"We have pointed out above that past decisions treated the failure to warn accused persons of their rights, or the failure to grant them access to outside assistance, as factors tending to prove the involuntariness of the resulting confessions. * * * Prior to Escobedo and Miranda, however, we had expressly declined to condemn an entire process of in-custody interrogation solely because of such conduct by the police."
Thus it is clear that the threshold question of admissibility has been moved back from the single test of voluntariness, and now rests upon preliminary questions of procedural warnings of rights and knowing and intelligent waiver of those rights. Some courts have treated the Miranda procedures as just another method of insuring voluntariness of in-custody confessions.[7] While it is true that the Miranda issues of warnings and waiver at some point merge with the over-all problem of voluntariness, Johnson v. New Jersey, supra, makes it clear that the Miranda procedures have a separate constitutional status apart from subsequent considerations of voluntariness.[8]
*489 Miranda speaks to the issue, but vaguely:[9]
"If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. * * * This Court has always set high standards of proof for the waiver of constitutional rights, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), as we reassert these standards as applied to in-custody interrogation." (emphasis added.)
Turning to Johnson v. Zerbst, we find only that a finding of intelligent waiver depends "upon the particular facts and circumstances surrounding that case. * * *"[10] The only mention of degree of proof is completely inapposite to the present issue. The Court observed that a defendant in a habeas corpus hearing has the burden of convincing the court by a preponderance of the evidence that he did not have, nor did he waive, counsel.[11] The precise burden of persuasion placed upon the state remains unanswered by Miranda or Johnson.
There being no standard expressed in the decisions of the Supreme Court of the United States, we turn to the cases decided by the Supreme Court of Florida. One case would lead us to believe that the Court has applied "clear and convincing" as a qualitative standard coupled with a quantitative preponderance.[12] But recently, in a disbarment proceeding, the Court gives us an indication that "clear and convincing" *490 is a quantitative standard intermediate between a preponderance of the evidence and the exclusion of reasonable doubt.[13] We take it that State v. Craig, Fla. 1970, 237 So.2d 737, effectively eliminates any argument that our Supreme Court would apply the standard requiring exclusion of a reasonable doubt. And Perkins v. State, Fla. 1969, 228 So.2d 382, would indicate clearly that the allegations of one who seeks to suppress a confession "must appear to be negatived by clear and convincing evidence in the record in order for the trial court's denial of the motion to suppress to be properly sustained." Id. at 391. The precise question involved here was not raised in Perkins, but we think the pattern is clear enough.[14]
Wigmore went to the heart of the matter: "The truth is that no one has yet invented or discovered a mode of measurement for the intensity of human belief."[15] We communicate with words rather than numbers in the legal profession, and this forces us to verbalize standards for the subjective feeling of probability engendered by evidence. Broadly, we say that the measure of persuasion in criminal cases is proof beyond a reasonable doubt, while civil cases require the lesser measure of proof by a preponderance of the evidence. Wigmore, however, recognizes that a "stricter standard, in some such phrase as `clear and convincing proof'" is commonly used to measure the necessary persuasion in certain matters.[16] Florida has recognized this quantum of proof, or variations of it, in a number of instances.[17]
We therefore hold that the state's burden of proof in establishing that the Miranda warnings were given, that they were adequate and that any waiver was knowing and intelligent is by clear and convincing evidence. Because appellee also alleges psychological pressure was applied to "clear himself up," we also hold that the state's burden on the traditional issue of voluntariness is measured by the same standard.
*491 This standard is less demanding than the exclusion of every reasonable doubt and requires more than a preponderance. For this reason we reverse and remand for reconsideration of the motion to suppress as the trial judge may be advised in the light of this opinion.
Reversed and remanded.
HOBSON, C.J., and PIERCE, J., concur.
NOTES
[1] Wyzanski, The New Meaning of Justice 5 (1966).
[2] Ray v. State, Fla.App. 1969, 219 So.2d 64.
[3] "Another disadvantage to the defendant under the Court's new rule is the failure to say anything about the burden of proving voluntariness. The New York rule does now and apparently always has put on the State the burden of convincing the jury beyond a reasonable doubt that a confession is voluntary. * * * The Court has not said that its new constitutional rule, which requires the judge to decide voluntariness, also imposes on the State the burden of proving this fact beyond a reasonable doubt. Does the Court's new rule allow the judge to decide voluntariness merely on a preponderance of the evidence?" 378 U.S. at 404-405, 84 S.Ct. at 1795-96 (Black, J. dissenting in part). The Court has also failed to resolve the issue in more recent holdings. See Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); Sims v. Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967).
[4] 397 F.2d at 640 (Burger, J. dissenting). This view is confirmed by Fernandez v. Beto, 281 F. Supp. 207 at 215 (N.D. Tex. 1968): "If the trial judge is not obligated to find the confession voluntary beyond a reasonable doubt, there will never be such a determination. As seen in Jackson v. Denno, the jury cannot be entrusted with such a finding."
[5] See Note, Developments in the Law  Confessions, 79 Harv. 935, 1069-70 (1966); Note, The Role of a Trial Jury in Determining the Voluntariness of a Confession, 63 Mich. 381, 385 (1964); E.g., People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965); Stevens v. State, 228 So.2d 888 (Miss. 1969). See, cases collected in West's Fourth General Digest, Criminal Law.
[6] E.g., State v. Patterson, 105 Ariz. 16, 458 P.2d 950 (1969) (substantial evidence); People v. Jackson, 41 Ill.2d 102, 242 N.E.2d 160 (1968) (preponderance of evidence). See id., West's Fourth General Digest.
[7] E.g., Griffith v. State, 116 Ga. App. 429, 157 S.E.2d 894 (1967).
[8] Other jurisdictions have recognized the dual hurdle involved:

(a) "In addition to proving voluntariness under the principles enunciated in Miranda, the State must show that the statement sought to be introduced, whether it be a confession or a significantly incriminating admission, was voluntarily given within the constitutional test articulated in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, namely, that the statement was not extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence." Hale v. State, 5 Md. App. 326, 247 A.2d 409 (1968).
(b) "Because the procedural question of Jackson v. Denno includes the substantive rule of Miranda v. Arizona as one part of it, we discuss the broader procedural question first.
* * * * *
"The United States Supreme Court, in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, has imposed upon state courts a procedural rule that the trial court must first make the determination whether such statements meet constitutional standards. Later, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, changed the test of constitutional admissibility, but not the procedural requirements of Jackson v. Denno. "Now both the issues of (1) the actual voluntariness of the statement and (2) whether there was compliance with `Miranda' must be heard together and determine judicially in a Jackson v. Denno type hearing before the jury is permitted to consider the statements of the accused resulting from custodial interrogation. * * *
"Lack of compliance with Miranda results in per se inadmissibility, even though the statement be truly voluntary in the pre-Miranda sense." State v. Utsler, 21 Ohio App.2d 167, 255 N.E.2d 861 at 863-864 (1970).
See also United States v. Montos, 421 F.2d 215, 222 & 224 (5th Cir.1970); Moll v. United States, 413 F.2d 1233, 1237 (5th Cir.1969); People v. Prochnau, 251 Cal. App.2d 22, 59 Cal. Rptr. 265 (2d DCA Cal. 1967); State v. Travis, 49 N.J. 428, 231 A.2d 205 (1967); State v. Wright, 274 N.C. 84, 161 S.E.2d 581 (1968); Williams v. Peyton, 208 Va. 69, 160 S.E.2d 581 (1968); State v. Davis, 73 Wash.2d 271, 438 P.2d 185 (1968); People v. Anonymous, 29 A.D.2d 1053, 289 N.Y.S.2d 241 (1968); People v. Stroud, 273 A.C.A. 709, 78 Cal. Rptr. 270, 275 (5th DCA Cal. 1969).
In People v. Stewart, 267 Cal. App.2d 366, 73 Cal. Rptr. 484, 493 (1968), California's Second District took the position that ambiguities in the warnings would be resolved against the state. People v. Daniels, 1 Cal. App.3d 367, 81 Cal. Rptr. 675 (4th DCA Cal. 1969) indicates that an express finding of waiver and voluntariness beyond a reasonable doubt is not necessary, but such a finding may be inferred from the order admitting the confession.
State v. Carter, 33 Wis.2d 80, 146 N.W.2d 466 (1966) places a burden on the state to prove voluntariness beyond a reasonable doubt based upon the "totality of the circumstances." On the specific issue of Miranda compliance, State v. Herrington, 41 Wis.2d 757, 165 N.W.2d 120 (1969), cites Carter supra, and finds the lower court's ruling not against the great weight and clear preponderance of the evidence.
See also McGee v. State, 451 S.W.2d 709 (Tenn. 1970); State v. Jordan, 8 N.C. App. 203, 174 S.E.2d 112 (N.C. App. 1970); State v. Strickland, 276 N.C. 253, 173 S.E.2d 129 (1970); State v. Patterson, 105 Ariz. 16, 458 P.2d 950 (1969); and People v. Jackson, 41 Ill.2d 102, 242 N.E.2d 160 (1968).
[9] 384 U.S. at 475, 86 S.Ct. at 1628.
[10] 304 U.S. at 464, 58 S.Ct. at 1023.
[11] 304 U.S. at 469, 58 S.Ct. 1025.
[12] Florida East Coast Ry. Co. v. Thompson, 1927, 93 Fla. 30, 111 So. 525.
[13] The Florida Bar v. Rayman, Fla. 1970, 238 So.2d 594, 596.
[14] In Reynolds v. State, Fla.App. 1969, 222 So.2d 246, our Third District Court of Appeal used the phrase, "substantial competent evidence," and indicated that the trial court's ruling would be overturned only if against the "manifest weight" of the evidence. In Dodd v. State, Fla. App. 1970, 232 So.2d 235, 237, the Fourth District Court of Appeal considered a case apparently involving both Miranda warnings and the traditional test of voluntariness. The court declared the state's burden to be a "prima facie" showing of voluntariness and defined prima facie to mean "the quality and quantum of evidence from which an inference of voluntariness can reasonably be drawn."
[15] 9 Wigmore on Evidence § 2497 p. 325 (3d ed. 1940).
[16] Id. at § 2498 p. 329.
[17] Powell v. Race, 1942, 151 Fla. 536, 10 So.2d 142 (burden of proof on party asserting a resulting trust is to remove "every reasonable doubt as to its existence by clear, strong, and unequivocal evidence." This is certainly a hybrid of Wigmore's "clear and convincing," but we do not think it imposes a beyond a reasonable doubt standard for proof of resulting trusts); Helland v. Evans, 1934, 113 Fla. 839, 152 So. 623 (only the "Clearest, strongest, and most convincing" proof will sustain the burden involved in impeaching the validity of an acknowledgement on a deed or mortgage.); Florida East Coast Ry. Co. v. Thompson, 1927, 93 Fla. 30, 111 So. 525 (impeachment of a release of liability for personal injuries must be "clearly, convincingly and substantially established by a preponderance of the evidence." This seems to be another hybrid, but we cannot ascertain whether the "clear and convincing" language raises the quantum required to something more than a preponderance. Prior v. Davis, 1909, 58 Fla. 510, 50 So. 535 (evidence to reform a written deed so as to conform to an alleged parol agreement must be "full, clear, and convincing.") Additionally, Fla. Stat. 387.10 (1967) F.S.A. provides that in any proceeding for a temporary injunction without bond against an industrial, manufacturing or processing plant may be sustained only by "clear, certain and convincing evidence. * * *"