McNULTY, Judge.
The state appeals pursuant to § 924.071, F.S. 1969, F.S.A. from an order suppressing certain evidence which was seized without a warrant. Testimony was taken on the motion to suppress in which two police officers swore that appellees Ansley and Hopper were stopped for a traffic violation and, thereafter, marijuana was observed in plain sight and seized. Appellee Hopper testified on behalf of both appel-lees denying the traffic violation and also denying that the marijuana was in plain sight. Obviously, it was a swearing match presenting a pure factual matter for the trial judge who, upon the conclusions of all testimony and arguments, stated:
“ * * * I will sit as a finder of fact. I am not convinced beyond a reasonable doubt that the stopping of the car by officer Longpre was not a pretext. Therefore, I find the search to be illegal. I will grant the motion to suppress.” (Italics supplied.)
We reverse.
The sole issue is whether the trial judge applied the proper standard of proof required of the state whose burden it is to justify a seizure or a search without a warrant. Put another way, the question is whether the state must prove “beyond a reasonable doubt” that contraband seized without a warrant was justifiably seized. We think not.
We have found no case, and none has been cited to us, in which the precise question has been decided as it applies to the exception to the search warrant requirement relied upon by the state here, i.e., a “plain sight seizure” after a justified pursuit and confrontation.[1] All the cases we have found relating to the extent of the state’s burden in justifying a seizure without a warrant concerned themselves with a consent search which preceded the seizure. The question in those cases was whether or not a voluntary consent was given so as to constitute a waiver of the warrant otherwise required. Those cases of course recognized that the state had the initial burden of establishing such a “waiver,” but it was held therein that such waiver need only be shown by “clear” or “clear and convincing” proof.[2] We see no reason why the state’s burden should be any greater when, as here, a waiver of a constitutional safeguard need not be shown at all.
We hold, therefore, that in the ancillary or collateral proceeding conducted outside *44 the presence of a jury at or prior to trial,to establish the admissibility .of seized contraband as evidence in a criminal case, justification for such seizure need not be established by proof beyond and to the exclusion of a reasonable doubt but may be proved by clear and convincing evidence sufficient to persuade the trial judge of the truth of facts upon which such justification is predicated. It was error here to require more.
Accordingly, the order appealed from should be, and it is hereby, reversed.
PIERCE, C. J., and HOBSON, J., concur.

. See, e. g., State v. Parnell (Fla.1969), 221 So.2d 129, citing Chance v. State (Fla.App.1967), 202 So.2d 825.

. See, e. g., Carter v. State (Fla.App.1970), 238 So.2d 681; Talavera v. State (Fla.App.1966), 186 So.2d 811; State v. Welch (1970), 256 La. 1, 235 So.2d 72; and McIntosh v. State (Nev.1970), 466 P.2d 656. Also, cf., State v. Graham (Fla.App.1970), 240 So.2d 486, concerning the standard of proof required in establishing a waiver of Fifth Amendment rights within the purview of Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.