294 So.2d 69 (1974)
Prince Albert JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 43228.
Supreme Court of Florida.
February 28, 1974.
Rehearing Denied May 30, 1974.
*70 Phillip A. Hubbart, Public Defender; and Lewis S. Kimler, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
The petition for writ of certiorari reflected that the decision of the District Court of Appeal, Third District, in Johnson v. State, 268 So.2d 544 (Fla.App. 1972) conflicted with State v. Graham, 240 So.2d 486 (Fla.App. 1970) and Perkins v. State, 228 So.2d 382 (Fla. 1969), and accordingly, we granted certiorari.
Subsequent to the granting of certiorari, this Court rendered its decision in McDole v. State, 283 So.2d 553 (Fla. 1973), receding from its earlier decision in Perkins v. State, supra, and the decision of the District Court of Appeal, Second District, in State v. Graham, supra, which decision relied on Perkins v. State.
Sub judice, the District Court of Appeal, Third District, determined that the voluntariness of defendant's statement and the waiver by the defendant of right to counsel at the interrogation were established by a preponderance of the evidence. In State v. Graham, supra, the District Court held that the standard of proof for determining whether a confession is voluntary and whether a waiver was knowing and intelligent is that of clear and convincing evidence. This Court in Perkins v. State, supra, opined:
"Considering the merits of Appellant's motion to suppress the testimony of his alleged confessions and admissions, we think there is ample evidence in the record to sustain the view that the incriminating statements allegedly made by the Appellant were freely and voluntarily given and were obtained by the investigating officers only after Appellant was properly advised of his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Where, as in the instant case, there exists conflicting testimony as to whether an accused's constitutional rights were violated in the manner in which incriminating statements were obtained or elicited from him, the trial court is properly charged with the duty of resolving such conflicts, and in so doing must indulge every presumption against waiver of fundamental rights secured by the Constitution. Thus, in accordance with the operation of the presumption against waiver of fundamental rights, the allegations assigned by Appellant in support of his motion suppress the incriminating statements must appear to be negatived by clear and convincing evidence in the record in order for the trial court's denial of the motion to suppress to be properly sustained. In the present case, we believe the record is sufficiently replete with corroborative testimony of the proper administration of the Miranda warnings and of the voluntariness of Appellant's statements so as to fully satisfy the above requirement." (e.s.)
*71 However, in McDole v. State, supra, pursuant to the decision of the Supreme Court of the United States in Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), we adopted the lesser standard of proof by preponderance of the evidence. Therein, this Court explained:
"If a finding of voluntariness had been made in this case it would not have been supported by the evidence, regardless of the standard of proof necessary to establish the fact. Recently the United States Supreme Court, in Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), held that the prosecution has the burden of proving by a preponderance of the evidence that a confession was freely and voluntarily given, but the Court added that the states could adopt a higher standard of proof. Prior Florida decisions have required such a higher standard of proof. E.g., Perkins v. State, 228 So.2d 382 (Fla. 1969). We are now, however, in agreement with our highest Federal court that proof of voluntariness by a preponderance of the evidence is a more appropriate requirement. Nevertheless, even by that less onerous standard the prosecution in this case did not meet its burden."
The instant decision is in accord with our pronouncement in McDole v. State, supra.
Accordingly, conflict having been dispelled, the petition for writ of certiorari is hereby discharged.
It is so ordered.
CARLTON, C.J., and ADKINS and BOYD, JJ., concur.
ERVIN, J., dissents with opinion.
McCAIN and DEKLE, JJ., dissent.
ERVIN, Justice (dissenting):
Two questions are raised for conflict certiorari review herein: (1) Whether a 16-year-old juvenile defendant accused of first degree murder, for whom the court appointed counsel, may thereafter be questioned while incarcerated by police officers and his written statement taken inculpating him of the murder when his counsel was not present, Miranda warning of his rights having been given him and one of the interrogating officers testifying thereafter that he was without knowledge defendant had counsel; and (2) whether in respect to the situation related in question (1) the District Court was correct in holding that the trial court could apply the rule of preponderance of the evidence in denying defendant's motion to suppress his written statement rather than by clear and convincing evidence.
The first question should be answered in the negative and the second question in the affirmative as hereinafter explained.
In the particular circumstances of this case, I cannot agree that the police officers could interrogate a juvenile defendant for whom counsel has been appointed without securing an express voluntary waiver from defendant, supported by a preponderance of the evidence that he agreed his counsel need not be present during the interrogation. The record in this case is devoid of that degree of evidence establishing such a waiver. The testimony of the two officers on the point is manifestly inconclusive. See footnote, pages 546 and 547 of 268 So.2d. The fact that one of the interrogating policemen testified that he was without knowledge defendant had counsel is not sufficient. The other interrogating officer testified he knew defendant had had counsel appointed for him at the predetention hearing but he understood such counsel was only to represent defendant at that hearing.
The duty was upon the police officers perfecting the Miranda warning to ascertain clearly if defendant had counsel preliminary to taking defendant's statement. I believe it is our fundamental duty to apply here the rationale in Williams v. State, (Fla.App. 1966), 188 So.2d 320, which followed *72 Massiah v. United States (1964), 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. In Massiah it was said:
"[Under the Federal Constitution,] any secret interrogation of the defendant from and after the finding of the indictment, without the protection afforded by the presence of counsel, contravenes the basic dictates of fairness in the conduct of criminal causes and the fundamental rights of persons charged with crime."
The juvenile defendant was arrested on July 16, 1971, the day the homicide in this case occurred. He was taken to the Juvenile and Domestic Relations Court of Dade County, where a predetention hearing was held. An assistant public defender was thereupon appointed to represent the defendant. Both of the interrogating police officers were present at the hearing. Later, private counsel was employed for the defendant. Defendant was incarcerated in the Dade County Jail after the predetention hearing. There, on July 17, 1971, the two police officers interrogated him without benefit of his counsel. The excuse given by the officers for not securing a positive, affirmative waiver of the presence of his counsel was their claimed lack of knowledge he had any at the time they questioned him. This is a dubious, inconclusive position, particularly in view of the inconsistent claims of the two officers reflected in the footnote to the District Court opinion that they were not aware defendant had counsel at the time they interrogated him.
Even if the appointment of counsel actually escaped the attention of the police, they should have ascertained this fact by due questioning of the defendant in giving him the Miranda warning because the right to counsel and his presence, if desired, is an essential element of the warning. It is a prime requisite of a Miranda warning that interrogators be certain of an accused's availability to counsel. After obtaining from him the fact that he had counsel, they also should have obtained from him an express waiver that he did not want his counsel to be present while he was questioned.
It appears altogether inconsistent that the District Court would in one breath assert that the two officers lacked knowledge defendant had counsel at the time of their interrogation, but in another breath assert that "at which presence of counsel was waived by the defendant." Text 546.
In the related circumstances the evidence to deny the motion to suppress should have preponderated that the police officers had ascertained that the defendant had counsel at the time he was interrogated and that defendant expressly made it clear before he gave his written statement that he did not want such counsel to be present when he was interrogated.
I think the rationale of Massiah applies that the evidence is insufficient on its face and conflict of decisions appears as to the first question.
As to the second question, we recently adopted in the case of McDole v. State, 283 So.2d 553, opinion filed May 16, 1973, the preponderance of evidence rule in place of the clear and convincing evidence rule heretofore noted in Perkins v. State, (Fla. 1969), 228 So.2d 382, 381; State v. Graham, (Fla.App. 1970), 240 So.2d 486, and State v. Ansley, (Fla.App. 1971), 251 So.2d 42.
The decision of the District Court as to the first question should be found to be in conflict with the cited decisions and the cause remanded for further proceedings not inconsistent herewith.