PER CURIAM.
Defendant, Michael Monroe, appeals his conviction • for second degree murder and robbery based upon a plea of nolo conten-dere tendered subsequent to the denial of his motion to suppress his conviction. The salient facts are as follows:
On April 19, 1977[1] Monroe was extradited from New York to the Dade County jail on a charge of first degree murder and a preliminary hearing was scheduled. The office of the public defender was appointed to represent Monroe; however, upon examining Monroe’s file, they discovered a possible conflict between representation of Monroe and his co-defendant and on the same day (April 19) filed a certificate of conflict with the trial court. On April 20 Officers Stonbreaker and Tootle, who were not aware that Monroe had counsel, went to the county jail and spoke to him.[2] After advising Monroe of his rights, including the right to counsel which he waived, he agreed to accompany the officers to the State Attorney’s office for the purpose of giving a statement to the prosecutor who mistakenly believed that Monroe was not represented by counsel because of the filing of the certificate of conflict by the public defender. After making a statement which in effect denied any participation in the murder, Monroe, at the request of the police officers, indicated he would submit to a polygraph examination. After undergoing the examination, the examiner confronted Monroe with the results which reflect that some of his answers were deceptive. Monroe confessed participation in the murder to the examiner who turned him over to the investigating officers. The officers again advised him of his rights and Monroe again confessed. On April 21 the public defender was allowed to withdraw and private counsel was appointed. Thereafter, on April 28 Monroe was indicted by the grand jury for murder in the first degree and pled not guilty. Defense counsel moved to suppress the confession on the ground it was obtained in violation of Monroe’s right to counsel in that at no time was Monroe advised that he already had counsel, nor was counsel advised of the investigation. After a hearing, the trial judge determined that the confession was freely and voluntarily given after Monroe knowingly and intelligently waived his rights, including the right to counsel. Thereupon, the motion,to suppress was denied and defense counsel entered into plea bargain negotiations with the prosecution. It was agreed that the indictment for first degree murder be withdrawn and in lieu thereof, an information for second degree murder and robbery would be filed. In exchange Monroe tendered a plea of nolo contendere to the charges in the information and preserved his right to appeal the denial of his motion to suppress his confession.
Monroe basically argues that the trial court erred in denying his motion to suppress because he was not made aware that he had court-appointed counsel, nor was his counsel informed of or present at the inter *964 rogation. In support of his argument, Monroe relies upon the holding in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) that under the constitutional guaranty of right to assistance of counsel, the defendant’s incriminating statements, elicited by government agents after he had been indicted and in the absence of counsel, were not admissible at trial.
It does not follow that all statements made in the absence of counsel are inadmissible; but each case must turn on the facts and circumstances surrounding the particular interrogation. United States v. Brown, 551 F.2d 639, 643-4 (5th Cir. 1977). A valid interrogation of a defendant can take place out of the presence of his attorney where the defendant knowingly and intelligently waives his right to have counsel present at some particular critical stage of the proceedings, and further the presence of his counsel is not essential to the validity or effectiveness of that waiver. Johnson v. State, 268 So.2d 544, 546 (Fla.3d DCA 1972), cert. discharged, 294 So.2d 69 (1974). The voluntariness of in-custody statements of persons accused of a crime and of the waiver of the right to counsel at an interrogation need only be established by a preponderance of the evidence. Johnson v. State, 294 So.2d 69 (Fla.1974), supra.
The evidence is undisputed that the interrogating officers and the prosecutor were unaware that Monroe had counsel. Monroe was advised of his rights on two occasions and twice waived them. He agreed to accompany the investigating officers to the prosecutor’s office and voluntarily submitted to the polygraph examination. Unlike the Massiah case, supra, we find that Monroe’s confession was not obtained from him surreptitiously without his knowing consent to interrogation or a waiver of the right to have counsel present. The record supports the conclusion of the trial judge by more than a mere preponderance of the evidence that Monroe made a knowing, intelligent and voluntary waiver and there was no bad faith or coercion on the part of the investigating officers.
We additionally note that Monroe failed in his burden to clearly show that the State’s case could not succeed without‘the use of his confession which he sought to suppress and, therefore, the denial of his motion to suppress which raised solely a question of law could not be specifically preserved for appellate review by him upon entry of his plea of nolo contendere. See Brown v. State, 355 So.2d 138 (Fla.3d DCA 1978).
For the reasons stated, the denial of his motion to suppress is affirmed.
Affirmed.

. However, he had not yet been indicted at this point in time.

. Monroe was also unaware that the public defender had been appointed to represent him.