453 So.2d 1195 (1984)
John ADAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2325.
District Court of Appeal of Florida, Third District.
August 14, 1984.
*1196 Bennett H. Brummer, Public Defender, and John H. Lipinski, Sp. Asst., Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
The defendant appeals his judgment and conviction of second-degree murder. We affirm.
The defendant first contends that the trial court erred in denying his motion to suppress his confession. He argues that the police officer's failure to notify the defendant's attorney prior to talking with the defendant factually precluded an informed, knowing and voluntary waiver of the defendant's right to remain silent. We disagree.
A similar argument was raised without success in Waterhouse v. State, 429 So.2d 301 (Fla. 1983). In that case, the supreme court refused to adopt a per se rule requiring police to notify the defendant's attorney before communicating with the defendant. The court held:
The fact that an accused is represented by counsel does not preclude his waiver of the right to have counsel present when talking to law enforcement officers. [citation omitted]
429 So.2d at 305. It is clear that the presence of counsel is not essential to the validity and effectiveness of a waiver of rights. Monroe v. State, 369 So.2d 962 (Fla. 3d DCA), cert. denied, 376 So.2d 74 (Fla. 1979).
In the present case, an officer read the defendant his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to any conversation. The defendant indicated that he understood his rights and desired to waive them. He then executed a written waiver of his rights. Following this waiver, the defendant described in detail the death of the victim and his participation in the incident. We find that the voluntariness of the confession and the defendant's waiver of rights was established by a preponderance of the evidence, see Johnson v. State, 294 So.2d 69 (Fla. 1974), and that, therefore, the trial court properly denied the defendant's motion to suppress.
The defendant next asserts that it was error for the trial court to allow the murder victim's sister to testify as to the identity of the deceased. The well-established rule in Florida is that a member of the deceased victim's family may not testify for the purpose of identifying the victim where nonrelated, credible witnesses are available to make such identification. Welty v. State, 402 So.2d 1159, 1162 (Fla. 1981); Lewis v. State, 377 So.2d 640, 643 (Fla. 1979). See also Rowe v. State, 120 Fla. 649, 163 So. 22 (1935). The purpose of this rule is to assure the defendant as dispassionate a trial as possible and to prevent interjection of matters not germane to the issue of guilt. Welty, 402 So.2d at 1162.
The record in the present case indicates that the state's intended neutral identification witness was unable to testify due to illness. It does not appear that any other "neutral" identification witness was available at the time of trial. See Furr v. State, 229 So.2d 269 (Fla. 2d DCA 1969), cert. denied, 237 So.2d 538 (Fla. 1970). Furthermore, it is clear from the record that the sister's identification testimony was not of such a nature as to evoke sympathy or prejudice the defendant. Welty. Accordingly, the admission of the identification testimony was not reversible error.
The defendant's final contention is that the trial court erred in not granting a mistrial after a state witness testified that the defendant was in custody for an unrelated *1197 charge of burglary when he was questioned by an officer concerning the murder. Generally, evidence of collateral crimes is inadmissible if its sole purpose is to establish bad character or propensity of the defendant to commit a crime. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The testimony concerning the defendant being in custody for an unrelated charge of burglary, under the particular facts of this case, was not relevant to any issue of material fact concerning the murder and therefore was inadmissible under the Williams rule. See Waterhouse, 429 So.2d at 306. Cf. Clark v. State, 337 So.2d 858 (Fla. 2d DCA 1976) (court indicated that evidence that defendant had been placed under arrest for an unrelated crime was relevant to give an "intelligent account of the circumstances of his making the statement," but that evidence of what the unrelated crime was, went too far).
Where the proof of guilt is clear and convincing, however, a violation of the Williams rule may be considered harmless error. Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980). The record in the present case contains a statement by the defendant in which he relates his involvement in the murder. The way the body was found and the manner of death were consistent with the defendant's account of the incident given to the police. Therefore, although we find that the Williams rule was violated; we also find that the error was harmless.[1]See Waterhouse, 429 So.2d at 306; Clark, 378 So.2d at 1316-17.
Accordingly, since the defendant has failed to demonstrate reversible error, the judgment is affirmed.
NOTES
[1] We also note that the trial was conducted with the trial judge sitting as the trier of fact. As observed by the supreme court in First Atlantic National Bank of Daytona Beach v. Cobbett, 82 So.2d 870, 871 (Fla. 1955):

[I]n cases tried by the Judge without a jury the Judge is in a position to evaluate the testimony and discard that which is improper or which has little or no evidentiary value.
We do not find that the testimony concerning the burglary charge harmfully affected the defendant "when considered and evaluated by an experienced trial judge." Cobbett, 82 So.2d at 872. See also Perez v. State, 452 So.2d 107 (Fla. 3d DCA 1984). In fact, the defendant's counsel himself elicited testimony of the burglary charge during the direct examination of the defendant. See Taylor v. State, 289 So.2d 421, 423 (Fla. 3d DCA 1974). See also Killingsworth v. State, 90 Fla. 299, 105 So. 834, 837 (1925). Accordingly, no reversible error is present.