LEHAN, Judge.
Defendant appeals his convictions for trafficking in cocaine and possession of cocaine with intent to sell and raises three contentions. We affirm.
Defendant’s first contention is that the search warrant pursuant to which cocaine was seized from defendant’s residence was defective because the officer’s supporting affidavit, while signed by the officer and sworn to by him before a judge who signed the affidavit, did not contain an attesting seal. We disagree with that contention. The absence of the seal did not render the search warrant fatally defective. See State v. McManus, 404 So.2d 757, 758 (Fla. 4th DCA 1981), review denied, 412 So.2d 468 (Fla.1982). The officer, by swearing to the affidavit, subjected himself to a charge of perjury if the affidavit proved untrue. See Collins v. State, 465 So.2d 1266, 1268 (Fla. 2d DCA 1985).
We need not address the additional arguments of the state regarding defendant’s first contention. Those are generally that the relevant statutes do not require a seal under these circumstances, that defendant did not have standing to raise the contention, and that the good faith exception under United States v. Leon, 468 U.S. 897, *668 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) applies.
We also disagree with defendant’s second contention. See Bello v. State, 547 So.2d 914, 918 (Fla.1989), and third contention, see State v. Daophin, 533 So.2d 761 (Fla.1988); Palmer v. State, 489 So.2d 226, 227 (Fla. 5th DCA 1986).
Affirmed.
DANAHY, A.C.J., and HALL, J., concur.