616 So.2d 1212 (1993)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, State of Florida, Petitioner,
v.
Emmett Bruce McGILL, Respondent.
No. 92-3181.
District Court of Appeal of Florida, Fifth District.
April 23, 1993.
Enoch J. Whitney, General Counsel, and Kim Feigin, Asst. General Counsel, Dept. of Highway Safety and Motor Vehicles, Miami, for petitioner.
William R. Northcutt, Indian Harbour Beach, for respondent.
GRIFFIN, Judge.
This case is before the court on a petition for writ of certiorari. On February 11, 1992, respondent, Emmett McGill ("McGill"), was stopped by an officer of the Satellite Beach Police Department for a traffic infraction and suspicion of driving under the influence. Based on facts not in issue in this proceeding, the officer ultimately issued an affidavit of refusal to submit to a breath, urine or blood test (hereinafter "refusal affidavit") and, pursuant to the provisions of section 322.2615, *1213 Florida Statutes, respondent's driver's license was suspended.
As provided by the same statute, McGill sought review through the administrative hearing process within the Florida Department of Highway Safety and Motor Vehicles (hereinafter "Department").[1] The suspension was upheld after hearing. McGill then filed a petition for writ of certiorari in the circuit court contending that the documents submitted to the hearing officer to support suspension were fatally defective because the formal requirements for notarization added by the substantial amendments to Chapter 117, Florida Statutes, effective January 1, 1992,[2] were not met.
Section 322.2615(11) permits the use of written reports as evidence in the formal hearing:
The formal review hearing may be conducted upon a review of the reports of a law enforcement officer or a correctional officer, including documents relating to ... the refusal to take either test. However, as provided in subsection (6), the driver may subpoena the officer or any person who administered or analyzed a blood or breath test.[3]
The Department's Rule 15A-6.013, implementing section 322.2615(11) provides:
The hearing officer shall consider any report submitted by a law enforcement officer or correctional officer relating to ... a refusal to submit to a breath, blood or urine test which has been filed prior to or at the review. Such reports, which shall be in the record for consideration by the hearing officer, may include but are not limited to:
(a) the uniform traffic citation issued to the driver;
(b) an affidavit stating the officer's grounds for belief that the person arrested was in violation of section 316.193;
(c) an affidavit of any breath, urine or blood test refusal, HSMV form 72054, ... submitted by a law enforcement officer. (Emphasis added.)
The respondent contends, in essence, that because the requirements of the amended statute on notaries public were not met, the documents in question are not "affidavits" within the meaning of the rule.
The Department does not dispute that the documents submitted to the hearing officer in McGill's case did not meet the new requirements of the 1992 amendments.[4] Rather, the Department contends that the notarization substantially complies with the statute or meets generally recognized criteria for affidavits and since there is no genuine issue about authenticity, there is no basis to void the suspension on this "technicality".[5]
We agree with the Department that the lower court employed an overly technical reading of the rule and incorrectly applied it to void the license suspension. Forty-two days earlier, these documents met all formal requirements of the Florida statutes and were recognized universally as "affidavits". Moreover, when the "affidavit" rule was adopted, the form used was proper. The refusal affidavit was even on the form specifically identified in the rule. We conclude the documents filed by the officer were "affidavits", even though defective under the amended Chapter 117. Had there been an issue concerning the officer's identity or proof at the hearing, this defect may have been relevant; however, in the present case, this defect clearly had no substantive or evidentiary significance and *1214 was not fatal to the state's proof. See Pepilus v. State, 554 So.2d 667 (Fla. 2d DCA 1990). Accordingly, we grant the petition for writ of certiorari, quash the opinion of the lower court, and instruct the suspension of McGill's license be reinstated.
PETITION GRANTED; OPINION QUASHED; REMANDED WITH INSTRUCTIONS.
COBB, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
Because I am of the opinion that the state should strictly comply with all "technicalities" when depriving its citizens, I cannot say the circuit judge departed from the essential requirements of law. That is the standard to be applied in certiorari proceedings.
NOTES
[1] § 322.2615(6), Fla. Stat. (1991).
[2] Chapter 91-291, Laws of Florida.
[3] See also § 322.2615(2), Fla. Stat. (1991).
[4] Each page of the police officer's written statement on the probable cause issue was signed by the officer; the notary's certificate consisted of a "sworn to and subscribed before me this 12 day of Feb., 1992", followed by the name and signature of the notary, his identification as notary, the expiration date of his commission, and identity of his bond.
[5] The Department also points out that under Chapter 117 law enforcement officers are specially designated notaries while in the performance of official duties and sections 117.03 through 117.05 are made inapplicable by statute. Apparently, the problem in this case arises because the notary was not a law enforcement officer.