633 So.2d 531 (1994)
Richard A. CASTILLO, Jr., Appellant,
v.
DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 92-04120.
District Court of Appeal of Florida, Second District.
March 11, 1994.
*532 Keith F. Roberts of Kinsey, Roberts & Clark of Tampa, for appellant.
Stanley M. Danek, Div. Atty., Div. of Retirement, Tallahassee, for appellee.
FULMER, Judge.
This is the second appeal filed by appellant, Richard A. Castillo, Jr., by which he again challenges the final order of the Department of Management Services, Division of Retirement, which dismisses his petition for an administrative hearing. We reverse and remand for a hearing on the merits of the claim.
Castillo filed a claim for benefits. The Division issued a "final agency action letter" denying the claim and advised Castillo that he could request a hearing by filing a written petition for hearing within 21 days of his receipt of the final agency action letter. Castillo received the denial letter on December 11, 1990, and mailed his petition on December 31, 1990, 20 days later. It was received by the Division on January 14, 1991. The Division dismissed the petition as untimely.
In Castillo's first appeal, he attached two affidavits to his initial brief. This court observed that the affidavits addressed the timeliness of the petition and found it significant that the affidavits were not before the Division when it dismissed Castillo's petition as untimely. This court also noted that the 21 day appeal period is not jurisdictional but is analogous to statutes of limitations which are subject to equitable considerations. Accordingly, this case was remanded for a factfinding proceeding.[1]
Upon remand, a hearing officer considered the affidavits as well as the testimony of several witnesses and concluded in his recommended order that, although Castillo failed to file his petition within 21 days of his receipt of the final agency action letter, equitable considerations supported a finding that the petition be accepted and the requested administrative hearing be conducted.
The Division rejected the hearing officer's recommended order and again denied Castillo's request for a hearing. However, the rejection was not because there was no competent substantial evidence to support the findings, but rather because the evidence considered by the hearing officer was received over the Division's objections. The Division held that the affidavits were void and of no legal efficacy because they were not dated. Also, the Division held that the consideration of live testimony by the hearing *533 officer was beyond and outside the scope of the directions given by this court in its prior opinion. The Division then concluded that there was no competent substantial evidence in the record upon which any equitable considerations could have been made as to the timeliness of the filing of the petition.
We hold that the Division incorrectly limited the scope of the evidentiary hearing. Our prior opinion clearly directed that a factfinding proceeding be conducted for the purpose of not only considering the affidavits but, also, any evidence relevant to the timeliness of the petition and whether equitable considerations warranted acceptance of the petition. In addition, we note that section 120.58(1)(a), Florida Statutes (1991), provides a relaxed standard for the admissibility of evidence in administrative proceedings. Therefore, the undated affidavits were properly received into evidence.
Having reviewed the record before the hearing officer and the recommended order which the Division erroneously rejected, this Court holds that the evidence presented supports the hearing officer's recommendation. The Division will not be prejudiced by accepting the petition and conducting a hearing on Castillo's claim.
Accordingly, we reverse and remand the cause for a hearing on the merits of Castillo's claim.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Castillo v. Dep't of Admin., Div. of Retirement, 593 So.2d 1116 (Fla. 2d DCA 1992).