The Honorable Lee Cannon Sheriff, Pasco County 8700 Citizens Drive New Port Richey, Florida 34654
Dear Sheriff Cannon:
You have asked for my opinion on substantially the following questions:
1. Is a document that is verified by the written declaration described in section 92.525(1)(b) and (2), Florida Statutes, an "affidavit" within the scope of section 322.2615(2), Florida Statutes, if the document is not attested to before an officer authorized to administer oaths?
2. What is the significance of the use of the phrase "to the best of my knowledge" as permitted under section 92.525(2), Florida Statutes?
In sum:
1. A document that contains the written declaration set forth in section 92.525(2), Florida Statutes, and that has not been attested to before an officer authorized to administer oaths does not constitute an "affidavit" for purposes of section 322.2615, Florida Statutes.
2. Pursuant to section 92.525(2), Florida Statutes, a verification may be made on information or belief, if authorized by law, and will be sufficient to subject the affiant to penalties of perjury.
Question One
Section 92.525, Florida Statutes, provides that:
(1) When it is authorized or required by law, by rule of an administrative agency, or by rule or order of court that a document be verified by a person, the verification may be accomplished in the following manner:
* * *
(b) By the signing of the written declaration prescribed in subsection (2). (2) A written declaration means the following statement: "Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true," followed by the signature of the person making the declaration, except when a verification on information or belief is permitted by law, in which case the words "to the best of my knowledge and belief" may be added. The written declaration shall be printed or typed at the end of or immediately below the document being verified and above the signature of the person making the declaration.
Thus, when a statute, administrative rule, or order of court requires that a document be verified, the terms of section 92.525, Florida Statutes, provide a form for that verification. Section92.525, Florida Statutes, does not purport to convert a document into an affidavit by inclusion of the verification language.
Section 322.2615, Florida Statutes, is the administrative driver's license suspension statute. The statute authorizes a law enforcement officer or correctional officer, on behalf of the Department of Highway Safety and Motor Vehicles, to suspend the driving privilege of a person who has been arrested for a violation relating to unlawful blood alcohol level[1] or a person who has refused to submit to a breath, urine, or blood test.[2]
The officer is required to take the person's driver's license and issue the person a notice of suspension.
Pursuant to subsection (2) of this statute:
[T]he law enforcement officer shall forward to the department, within 5 days after the date of the arrest, a copy of the notice of suspension, the driver's license of the person arrested, and a report of the arrest, including an affidavit stating the officer's grounds for belief that the person arrested was in violation of s.316.193; the results of any breath or blood test or an affidavit stating that a breath, blood, or urine test was requested by a law enforcement officer or correctional officer and that the person arrested refused to submit; a copy of the citation issued to the person arrested; and the officer's description of the person's field sobriety test, if any. (e.s.)
Section 322.2615(2), Florida Statutes, by its terms, specifically requires the submission of affidavits rather than permitting the use of verified documents pursuant to section 92.525.
A suspended driver may contest the suspension of driving privileges either informally pursuant to section 322.2615(4) or formally under subsection (6). An informal review consists of the examination by a hearing officer of the materials submitted by the law enforcement officer and by the person arrested, and the presence of the officer is not required. If a formal review is requested, a hearing officer is assigned who may "administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas, regulate the course and conduct of the hearing, and make a ruling on the suspension."
The Department of Highway Safety and Motor Vehicles has adopted administrative rules implementing section 322.2615. Rule 15A-6.013, F.A.C., provides that:
(2) The hearing officer shall consider any report submitted by a law enforcement officer or correctional officer relating to the arrest of the driver, the administration or analysis of a breath or blood test, the maintenance of a breath testing instrument, or a refusal to submit to a breath, blood, or urine test, which has been filed prior to or at the review. Such reports, which shall be in the record for consideration by the hearing officer, may include but are not limited to: (a) The uniform traffic citation issued to the driver; (b) An affidavit stating the officer's grounds for belief that the person arrested was in violation of s.316.193; (c) An affidavit of any breath, urine or blood test refusal, HSMV Form 72054, submitted by a law enforcement officer; (d) The results of any breath or blood test documenting the driver's blood alcohol level; (e) The officer's alcohol influence report or a description of the field sobriety test; (f) Any video or audio tape of the driver incidental to the arrest, including any field sobriety test performed or attempted to be performed by the driver;
* * *
No extrinsic evidence of authenticity as a condition precedent to admissibility is required. (3) To be considered as evidence, any relevant document which is not self authenticating as provided by subsection (2) may be introduced into evidence at the formal review if it has been properly authenticated by a witness or under a statute permitting its introduction by another method of authentication. (e.s.)
Thus, the rule provides that affidavits, which are selfauthenticating documents, may be introduced as evidence without the appearance of a witness to validate the document or under another form of authentication.[3]
Pursuant to section 92.50(1), Florida Statutes,
Oaths, affidavits, and acknowledgments required or authorized under the laws of this state (except oaths to jurors and witnesses in court and such other oaths, affidavits and acknowledgments as are required by law to be taken or administered by or before particular officers) may be taken or administered by or before any judge, clerk, or deputy clerk of any court of record within this state, including federal courts, or before any United States commissioner or any notary public within this state. The jurat, or certificate of proof or acknowledgment, shall be authenticated by the signature and official seal of such officer or person taking or administering the same; however, when taken or administered before any judge, clerk, or deputy clerk of a court of record, the seal of such court may be affixed as the seal of such officer or person.
In order to be considered an affidavit, the terms of this statute must be satisfied.[4] Compliance with the requirements of the statute assures the self-authenticating nature of affidavits.
Therefore, it is my opinion that a document with a written declaration as provided in section 92.525, Florida Statutes, but without attestation by an officer authorized to administer oaths, does not constitute an "affidavit" required for administrative driver's license suspensions under section 322.2615, Florida Statutes.
Question Two
You also ask the meaning of the phrase "to the best of my knowledge and belief" as it is used in section 92.525, Florida Statutes. The Third District Court of Appeal, in State, Department of Highway Safety and Motor Vehicles v. Padilla, determined that "section 92.525 contemplates that an affidavit may include such language and may be recognized as properly verified on information or belief and be sufficient to subject affiant to the penalties of perjury."[5]
In that case the proof of probable cause for a driver's license suspension as required by section 322.2615, Florida Statutes, consisted of the arresting officer's written statement to which he swore, "The above statement is correct and true to the best of my knowledge and belief." The officer had been fully and properly sworn before an authorized attesting officer.
Thus, the phrase "to the best of my knowledge and belief" as used in section 92.525, Florida Statutes, may be used in documents when the law authorizes verification on information or belief. The use of this phrase is sufficient to subject the affiant to the penalties of perjury.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 316.193, Fla. Stat. (1994 Supp.).
[2] Section 316.1932, Fla. Stat.
[3] Cf., Department of Highway Safety and Motor Vehicles v. McGill, 616 So.2d 1212 (Fla. 5th DCA 1993), review denied,626 So.2d 206 (Fla. 1993), in which the court determined that even though documents submitted to the hearing officer to support suspension of a driver's license for refusal to submit to breath, urine or blood test were defective under a new statutory requirement for notarization, documents were "affidavits" within the meaning of the rule implementing the statute permitting the use of written reports as evidence in the formal hearing. The documents approved by the court had been notarized in compliance with the previous notarization statute (which had been amended effective 42 days earlier) and met the generally recognized criteria for affidavits.
[4] Section 92.51, Florida Statutes, provides that oaths, affidavits, and acknowledgments may also be taken or administered by certain commissioned officers of the U.S. Armed Forces.
[5] 629 So.2d 180, 181 (Fla. 3d DCA 1993). The court noted that the law enforcement officer was fully and properly sworn before an authorized attesting officer when the affidavit was prepared.