987 So.2d 737 (2008)
Gayle Louise GUPTON, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY, etc., et al., Respondent.
No. 5D08-631.
District Court of Appeal of Florida, Fifth District.
July 3, 2008.
Thomas R. Townsend, Jr., Rockledge, for Petitioner.
Robin F. Lotane, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Lake Worth, for Respondent.
ORFINGER, J.
Gayle L. Gupton seeks certiorari review of the circuit court's order upholding the suspension of her driver's license by the Department of Highway Safety and Motor Vehicles (the "Department"), following an administrative hearing. Gupton contends that the probable cause affidavit admitted into evidence at the administrative hearing was facially invalid because the jurat did not indicate whether the attestor was a law enforcement officer or a notary public. We deny the petition.
Gupton was arrested for driving under the influence. After her arrest, she refused to submit to a breath test to determine the alcohol content in her blood. As a result, the Department suspended her driving privilege. At Gupton's request, a *738 formal review hearing was conducted and the suspension was upheld. Gupton then sought certiorari review in the trial court, which also upheld the suspension.
Our review of an order from a circuit court sitting in its appellate capacity is limited to determining whether the circuit court afforded procedural due process and applied the correct law. State Farm Fla. Ins. Co. v. Lorenzo, 969 So.2d 393 (Fla. 5th DCA 2007); Conahan v. Dep't of Highway Safety & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993). Section 322.2615(2), Florida Statutes (2007), requires the arresting officer to submit to the Department an affidavit setting forth the officer's basis to believe that the person arrested was driving or in actual physical control of a motor vehicle while under the influence of alcohol or some other intoxicating substance. The probable cause affidavit submitted in Gupton's case was signed by the arresting officer and the attestor. Below the signature line for the attestor appeared the words "Notary/Law Enforcement Officer." However, the attestor did not indicate whether the document was executed in the capacity of a notary, or as a law enforcement officer.[1]
Gupton argues that, because the attestor's status was not specified, the document is not an "affidavit," as required by section 322.2615(2). Gupton acknowledges that like a notary public, section 117.10, Florida Statutes, authorizes law enforcement officers to administer oaths when engaged in the performance of official duties. We believe the argument advanced by Gupton is an overly technical interpretation of the affidavit requirement. Florida courts have concluded that minor technical defects in an affidavit do not render it a nullity. See Dep't of Highway Safety & Motor Vehicles v. McGill, 616 So.2d 1212, 1213 (Fla. 5th DCA 1993) (holding that document was affidavit despite technical defects in notarization when notarization substantially complied with statute or met generally recognized criteria for affidavits and there was no genuine issue about its authenticity); Pepilus v. State, 554 So.2d 667 (Fla. 2d DCA 1990) (holding that absence of attesting seal did not render search warrant affidavit fatally defective).[2]
If the attestor had been a notary public, the notary's seal would have been affixed to the document. § 117.05(3)(a), Fla. Stat. (2007). Since no seal was on the document, it is not unreasonable to conclude that the attestor was a fellow law enforcement officer, a conclusion buttressed by common experience and the fact that the attestor indicated that the affiant was personally known to him. In the final analysis, it makes no difference if the attestor was a notary public or a law enforcement officer, as both are authorized to administer oaths under the circumstances presented here.
PETITION DENIED.
PALMER, C.J. and COHEN, J., concur.
NOTES
[1] Gupton does not challenge the authenticity of the document.
[2] We also note that the formalities with respect to the submission of evidence are somewhat relaxed in the context of administrative proceedings. See Dep't of Highway Safety & Motor Vehicles v. Anthol, 742 So.2d 813, 814 (Fla. 2d DCA 1999); Castillo v. Dep't of Mgmt. Servs., Div. of Ret., 633 So.2d 531, 533 (Fla. 2d DCA 1994) (noting "relaxed standard for the admissibility of evidence in administrative proceedings").