# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1351
Lower Tribunal No. 14-841-K
_____

## State of Florida, Department of Highway Safety, etc.,
Petitioner,

vs.

## Jason R. Brown,
Respondent.

A Writ of Certiorari to the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Stephen D. Hurm, General Counsel, and Natalia Costea, Assistant General Counsel, for petitioner.

Robertson & Hunter, LLP, and Dustin S. Hunter (Key West), for respondent.

Before SUAREZ, C.J., and LAGOA and LOGUE, JJ.

LOGUE, J.

The Department of Highway Safety and Motor Vehicles (the "Department") files this petition for second-tier certiorari review of the circuit court's order granting certiorari relief to Jason R. Brown (the "Driver"). We grant the petition and quash the circuit court's order.

The Driver was stopped by a Monroe County Sheriff's Office deputy after a be-on-the-lookout alert had been issued for a white truck, matching the one operated by the Driver, which was allegedly driving recklessly and swerving between lanes. The deputy observed the same erratic behavior from the Driver before stopping him. Upon encountering the Driver, the deputy noticed that the Driver had watery eyes, slurred speech, and the smell of alcohol on his breath. After the Driver failed to perform well on field sobriety tests, he was arrested. The Driver also refused to take a breath test after he was requested to do so. The implied consent law was read to the Driver and he maintained his refusal to take the test. Because of the Driver's refusal to take the breath test, his driving privilege was suspended.

An administrative formal review hearing was held and the hearing officer found, based upon a preponderance of the evidence, that sufficient cause existed to sustain the suspension. The Driver subsequently filed a petition for writ of certiorari with the circuit court in its appellate capacity. The circuit court ultimately

granted the petition for writ of certiorari. In pertinent part, the circuit court specifically stated in its order granting certiorari:

> The Court has examined documents DDL-4 [breath alcohol test affidavit] and DDL-5 [refusal affidavit] and has found them not to be competent substantial evidence. The breath alcohol test affidavit is not notarized. The refusal affidavit is merely signed.
>
> The Florida legislature established the procedure for suspending a driver's license. (Fla. Sta. Section 322.2615). While minor deficiencies in the documents submitted to a hearing officer may be disregarded, at some point an attempted attestation is not an attestation, a purported affidavit is not an affidavit, and the legislatively enacted procedures become disregarded and undermined. The various irregularities have gone past this point.

Following an unsuccessful motion for rehearing, the State filed this petition for writ of certiorari.

On second-tier certiorari review this court "determines whether the circuit court [1] afforded procedural due process and [2] applied the correct law." Dusseau v. Metro. Dade Cnty. Bd. of Cnty. Comm'rs, 794 So. 2d 1270, 1274 (Fla. 2001) (quoting City of Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982)); Gupton v. Dep't of Highway Safety, 987 So. 2d 737, 738 (Fla. 5th DCA 2008) ("Our review of an order from a circuit court sitting in its appellate capacity is limited to determining whether the circuit court afforded procedural due process and applied the correct law.").

For our Court to grant second-tier certiorari where a petition for second-tier certiorari is premised on the failure of the circuit court to apply the correct law,

3

"the circuit court's decision must violate a 'clearly established principle of law' resulting in a miscarriage of justice. 'Clearly established law' can derive from a *variety of legal sources*, including controlling case law, rules of court, statutes, and constitutional law." <u>Dep't of Highway Safety & Motor Vehicles, Bureau of Admin. Review v. Fernandez</u>, 114 So. 3d 266, 270 (Fla. 3d DCA 2013) (internal citations omitted). Section 322.2615 (2)(a), Florida Statutes (2014), provides:

> (2)(a)   Except as provided in paragraph (1)(a), the law enforcement officer shall forward to the department, within 5 days after issuing the notice of suspension, the driver license; an affidavit stating the officer's grounds for belief that the person was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substances; the results of any breath or blood test or an affidavit stating that a breath, blood, or urine test was requested by a law enforcement officer or correctional officer and that the person refused to submit; the officer's description of the person's field sobriety test, if any; and the notice of suspension. The failure of the officer to submit materials within the 5-day period specified in this subsection and in subsection (1) does not affect the department's ability to consider any evidence submitted at or prior to the hearing.

Furthermore, section 117.10, Florida Statutes (2014), which delineates the abilities of officers to administer oaths, provides:

> Law enforcement officers, correctional officers, and correctional probation officers, as defined in s. 943.10, and traffic accident investigation officers and traffic infraction enforcement officers, as described in s. 316.640, are authorized to administer oaths when engaged in the performance of official duties. Sections 117.01, 117.04, 117.045, 117.05, and 117.103 do not apply to the provisions of this section. An officer may not notarize his or her own signature.

4

In <u>Gupton</u>, which involved a petitioner seeking second-tier certiorari review where an attestor's status was not specified on an affidavit, the Fifth District interpreted the statues to mean:

> If the attestor had been a notary public, the notary's seal would have been affixed to the document. §117.05 (3)(a), Fla. Stat. (2007). Since no seal was on the document, it is not unreasonable to conclude that the attestor was a fellow law enforcement officer, a conclusion buttressed by common experience and the fact that the attestor indicated that the affiant was personally known to him. In the final analysis, it makes no difference if the attestor was a notary public or a law enforcement officer, as both are authorized to administer oaths under the circumstances presented here.

<u>Gupton</u>, 987 So. 2d at 738. There, the Fifth District acknowledged that the officer can attest to the signature of an affidavit in accordance with the Florida Statutes. In the absence of controlling case law from our district, it was incumbent upon the circuit court to apply <u>Gupton</u>. The trial court's statement that the "refusal affidavit [was] merely signed" reflects that the trial court failed to consider the statute or apply the holding of <u>Gupton</u> which expressly allows one police officer to attest to the signature of another police officer regarding such affidavits.

We are not confronted here with a circumstance where the trial court applied the statutes and <u>Gupton</u> improperly; we are confronted with a circumstance where the trial court failed to apply the statutes and <u>Gupton</u> at all. If the trial court's failure to even consider this law is not quashed, this state-wide law which allows one officer to attest to the signature of a second officer would not be operative for

5

affidavits in at least one division of the circuit court of Monroe County. Second-tier certiorari was intended to address exactly this type of manifest injustice.

The Driver also argues that the circuit court may have decided that the signatures on the affidavits, although coupled with department names and badge numbers, prevented a proper identification of the officers, or that the times on the reports, which did not denote a.m. or p.m., were not sufficiently exact. But the Administrative Hearing Examiner obviously found this information sufficient to fufill its purposes. Because the circuit court was acting in an appellate capacity when reviewing the factual findings of the hearing examiner, the circuit court could not reweigh this evidence. Dusseau, 794 So. 2d at 1272 ("We find that the circuit court departed from the essential requirements of law when it reweighed evidence and completely ignored evidence that supported the Commission's ruling.").

Accordingly, we grant the Department's petition for writ of certiorari and quash the circuit court's order dated January 22, 2015 granting certiorari.

Petition granted and order quashed.