371 So.2d 702 (1979)
The TRAVELERS INSURANCE COMPANY, Appellant,
v.
James A. DAVIS, II, Appellee.
No. 79-363.
District Court of Appeal of Florida, Third District.
June 5, 1979.
George & Thompson and Charles K. George, Miami, for appellant.
William Huggett, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
The Travelers Insurance Co., plaintiff below, takes this appeal pursuant to Fla.R. App.P. 9.130 from a non-final order quashing *703 its attempted service of process upon the appellee. We reverse and remand for an evidentiary hearing on the issue of sufficient service of process.
Travelers filed suit against the appellee, James A. Davis, II and a co-defendant, alleging fraud and deceit in an effort to obtain money and property from Travelers on certain insurance policies. Travelers was unsuccessful in attempting to personally serve the appellee on several occasions, both in Dade County, Florida, where the incident arose, and in North Carolina, where it was believed that appellee had a summer home and interests in real estate. Travelers then attempted substituted service of process by: (a) serving the appellee's father at the father's address in Dade County;[1] and (b) by perfecting service upon the Secretary of State pursuant to Section 48.181, Florida Statutes (1977), after counsel for Travelers filed an affidavit stating that the appellee could not be personally served, despite repeated efforts, because he was believed to be concealing himself.
Appellee, through counsel, made a special appearance[2] and moved to quash on the ground of insufficiency of service of process. The trial court granted the motion and quashed the service of process. The order quashing service also denied Travelers' request for an evidentiary hearing on the issue of sufficient service of process.
The trial court erred when it failed to accord the parties an evidentiary hearing on the sufficiency of process. An examination of the record persuades us that service of process was not defective on its face. The appellee must be able to demonstrate the invalidity of the service of process by clear and convincing evidence before the motion to quash could be granted. Livingston v. Fein, 359 So.2d 25 (Fla.3d DCA 1978); Winky's Inc. v. Francis, 229 So.2d 903 (Fla.3d DCA 1969); Rumpf v. Freedman, 118 So.2d 237 (Fla.3d DCA 1960); Mitchell v. Brown, 114 So.2d 178 (Fla.1st DCA 1959); rev'd on other grounds, 119 So.2d 385 (Fla. 1960). To insure adequate consideration of the motion, an evidentiary hearing is required in this instance.
The order quashing service of process is reversed and this cause is remanded for an evidentiary hearing on the validity of service of process upon the appellee.
Reversed and remanded.
NOTES
[1] The return of the service of process stated that the appellee's father was served at appellee's "usual place of abode." The appellee disputes that this was his usual place of abode.
[2] Appellee's appearance was confined solely to the question of whether the trial court had jurisdiction over him. See 1 Fla.Jur.2d Actions §§ 88-90 (1977).