548 So.2d 1194 (1989)
George C. LAZO, Appellant,
v.
BILL SWAD LEASING CO., an Ohio Corporation, Kevin J. Swad D/B/a K.J. Auto Sales and Rentals, and Timothy Laughridge, Appellees.
No. 88-01667.
District Court of Appeal of Florida, Fourth District.
September 27, 1989.
*1195 Walter G. Campbell, Jr., of Krupnick, Campbell, Malone and Roselli, P.A., Fort Lauderdale, for appellant.
H. Mark Purdy of Sams, Donato, Purdy & Hastings, P.A., Fort Lauderdale, for appellee-Bill Swad Leasing Co.
PER CURIAM.
Appellant, plaintiff below, George Lazo, appeals an order quashing service of process on appellee, defendant below, Bill Swad Leasing Company. We reverse.
The appellee admits that the return is regular on its face. As appellant points out, a return of service which is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary. Magazine v. Bedoya, 475 So.2d 1035 (Fla. 3d DCA 1985). Furthermore, a defendant cannot impeach a summons by simply denying service, but must present "clear and convincing evidence" to corroborate his denial of service. Slomowitz v. Walker, 429 So.2d 797, 799 (Fla. 4th DCA 1983). Clear and convincing evidence requires that the witnesses to a fact be credible; the facts testified to must be distinctly remembered; the details must be narrated exactly and in order; the testimony must be clear, direct and weighty; and the witnesses must be lacking in confusion as to the facts in issue. Slomowitz, 429 So.2d at 800.
In the instant case, the legal equivalent of a return of service indicates that the deputy personally served the president of Bill Swad Leasing Company at 100 South Hamilton Road, Columbus, Ohio. In a verified motion to quash service of process, the appellee submitted an affidavit by the president denying that he, Wilmer L. Swad, Sr., was served and stating that "to the best of his knowledge" a diligent search and investigation was undertaken which revealed that no company employee was served in this action. Thus, the only corroborating evidence submitted by the appellee was a mere denial of service which is insufficient to impeach the return of the official process server. As this court explained in Slomowitz, "[r]easons of public policy require that a sheriff's return of service be held presumptively valid and that a defendant seeking to impeach a sheriff's return must meet a high burden of proof" since:
the passage of time and the number of summonses served would naturally dim a process server's recollection of serving a given summons. To permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system. Therefore, evidence must be presented to corroborate the defendant's denial of service.
Slomowitz, 429 So.2d at 798-799.
In the instant case, because the corroborating evidence did not meet the clear and convincing standard of proof, the trial *1196 court erred in granting the appellee's motion to quash service of process.
REVERSED AND REMANDED.
DOWNEY, LETTS and GUNTHER, JJ., concur.