PER CURIAM.
Chi Luu Linville appeals from an order denying her motion to quash service of process and contends the trial court erred in denying her motion without an evidentiary hearing. We agree and reverse.
On March 29, 1993, the trial court heard argument at a motion calendar hearing on appellant’s motion to quash service of process. Appellant’s affidavit constituted the only evidence presented at the hearing. The trial court continued the matter until April 30, 1993 for an evidentiary hearing on appellant’s motion. On April 23, 1993, appellee filed a pleading in opposition to any subse *296 quent hearing and argued the trial court provided appellant the opportunity to present evidence challenging the validity of service during the March 23, 1993 proceedings. The trial court denied appellant’s motion without an evidentiary hearing.
This court has previously expressed its view that neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing. Sperdute v. Household Realty Corp., 585 So.2d 1168, 1169 (Fla. 4th DCA 1991). The unrebutted allegations[1] contained in appellant’s motion to quash service of process and the supporting affidavit, if proven by clear and convincing evidence, would establish appellee’s failure to effect valid service of process as required by section 48.031, Florida Statutes (1991). See Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). Appellant is therefore entitled to an evidentiary hearing on her motion to quash service of process. See Travelers Ins. Co. v. Davis, 371 So.2d 702 (Fla. 3d DCA 1979).
Accordingly, we reverse the trial court’s order denying appellant’s motion to quash service of process and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
DELL, C.J., GLICKSTEIN and FARMER, JJ., concur.

. Appellee has not filed an answer brief in this appeal. Moreover, the appendix filed by appellant does not contain any evidence presented by appellee refuting appellant’s allegation of defective service in the trial court.