DELL, Judge.
This non-final appeal arises out of an order denying appellant’s motion to dismiss appel-lees’ original complaint for lack of jurisdiction and insufficiency of service of process. Appellees, shortly after being served with appellant’s motion to dismiss, filed an amended complaint and properly completed service of process on the secretary of state. Although it would appear that the issues of jurisdiction and service of process are moot, appellant maintains that service of the original complaint was defective, thereby rendering orders entered prior to service of the amended complaint invalid as they pertain to appellant.
Appellant moved to quash service of process and submitted an affidavit of the individual served, containing facts which, if proven, would establish that she was not a person qualified to accept service of process for appellant. At the hearing on appellant’s motion to dismiss, appellees’ counsel stated that appellant’s predecessor counsel had directed service of process on the person and at the address where service was completed. Appellant’s counsel did not dispute the veracity of the statement. Appellant argues, however, that the trial court could not rely on argument of counsel and should have conducted an evidentiary hearing. In Linville v. Home Sav. of America, FSB, 629 So.2d 295 (Fla. 4th DCA 1993),we held:
This court has previously expressed its view that neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing. Sperdute v. Household Realty Corp., 585 So.2d 1168, 1169 (Fla. 4th DCA 1991). The un-rebutted allegations contained in appellant’s motion to quash service of process and the supporting affidavit, if proven by clear and convincing evidence, would establish appellee’s failure to effect valid service of process as required by section 48.031, Florida Statutes (1991). See Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). Appellant is therefore entitled to an evidentiary hearing on her motion to quash service of process. See Travelers Ins. Co. v. Davis, 371 So.2d 702 (Fla. 3d DCA 1979).
Id. at 296 (footnote omitted).
We agree that appellees could not rebut appellant’s affidavit without an evidentiary hearing. We therefore reverse the order denying appellant’s motion to dismiss appel-lees’ original complaint and remand for an evidentiary hearing on that issue and for such further proceedings as may be necessary.
REVERSED and REMANDED.
STONE, C.J., and POLEN, J., concur.