GERBER, J.
The defendant appeals from the circuit court’s order denying her motion to quash service and service of process. She argues that the record contains no competent, substantial evidence to justify the court’s denial of her motion. We agree with the defendant and reverse.
In the return of service, the process server stated that he obtained substitute service on the defendant by serving her father at her home. The process server further stated in the return of service that the defendant’s father resided at the home.
The defendant filed a motion to quash service and service of process. The motion argued that the defendant’s father did not reside at her home. The motion included the defendant’s affidavit attesting to that fact. According to the motion, service was invalid pursuant to section 48.031(l)(a), Florida Statutes (2010), which states, in pertinent part:
Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
(emphasis added).
The circuit court conducted an eviden-tiary hearing on the motion. The defendant’s father and the process server testified. The court’s order provided the following “complete summary of the undisputed, relevant evidence presented at the hearing”:
A. The Father testified that, throughout the year 2010, he owned and resided at a condominium located at [address deleted here] (the “Father’s Condominium”);
B. A certified copy of the warranty deed through which the Father obtained title to the condominium was admitted into evidence, as were copies of a driver’s license, U.S. Postal Service form, and Florida homestead exemption form reflecting the Father’s address during the year 2010 as being the condominium;
C. The Father testified that no one else resided at the Father’s Condominium during 2010;
D. The Father testified that he occasionally spends the night at the residence of the Movant located at [address deleted here] (the “Movant’s Residence”) when she travels, for the purpose of earing for the Movant’s minor child;
E. The Father testified that, on average, he spends the night at the Mov-ant’s Residence less than one or two days per month, and that he does not maintain clothes or personal items there;
F. The Father testified that he spent the night at the Movant’s Residence the night before he was provided with court papers by the Plaintiffs process server, that the process server never asked whether the Father resided at the Mov- *1143 ant’s residence, and that he never advised the process server that he resided at the Movant’s residence;
G. The Father testified that he believes that he spent less than ten nights at the Movant’s Residence in total during the past year;
H. The process server testified that he had no specific recollection of serving court papers upon the Father, but that it is his practice when attempting substituted service to inquire of recipients whether they reside with the parties to be served; and
I. The process server authenticated the affidavit of service.
Based on the foregoing evidence, the circuit court determined that the defendant’s father was residing at the defendant’s home at the time of service for the purposes of section 48.031(l)(a). The court provided no explanation for its determination.
This appeal followed. The defendant argues that she presented clear and convincing evidence that her father was not residing at her home and that the plaintiffs failed to rebut this evidence. Therefore, she argues, the record contains no competent, substantial evidence to justify the court’s denial of her motion. Our review is de novo. See Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 698 (Fla. 4th DCA 2010) (“A trial court’s ruling on a motion to quash service of process consists of a question of law subject to a de novo standard of review.”).
We agree with the defendant. “The burden of proving proper service of process falls upon the party invoking the court’s jurisdiction, and the return of service is evidence of whether service was validly made.” Bank of Am., N.A. v. Bornstein, 39 So.3d 500, 503 (Fla. 4th DCA 2010) (citation and internal quotations omitted). “If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence.” Id.
 Here, the return of service was regular on its face, and thus service of process is presumed to be valid. However, the defendant met her burden of overcoming that presumption by clear and convincing evidence. The circuit court found the father’s testimony to be undisputed that: (1) he did not reside in the defendant’s home; and (2) he did not tell the process server that he resided in the defendant’s home. The plaintiffs did not rebut that testimony with any competent, substantial evidence. The only evidence which the plaintiffs submitted was the process server’s testimony that “he had no specific recollection of serving court papers upon the Father, but that it is his practice when attempting substituted service to inquire of recipients whether they reside with the parties to be served.” We conclude that the process server’s “practice” does not constitute competent, substantial evidence to rebut the father’s testimony. To rebut the father’s testimony, the process server had to testify credibly that the father stated he resided at the defendant’s home or the plaintiffs had to submit other evidence credibly proving that the father resided at the defendant’s home.
Based on the foregoing, we are required to reverse the circuit court’s order denying the defendant’s motion to quash service and service of process. See Johnston v. Hudlett, 32 So.3d 700, 705 (Fla. 4th DCA 2010) (“All requirements for substituted service must be strictly complied with or service is rendered void.”). We remand for the plaintiffs to be afforded another opportunity to serve the defendant pursu *1144 ant to Florida Rule of Civil Procedure 1.070.

Reversed and remanded.

CIKLIN and LEVINE, JJ., concur.