CIKLIN, J.
The appellant, Tiara Davis, appeals the non-final order denying her motion to quash service of process based on an irregular summons and improper service. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(i). Davis argues the trial court erred in not conducting an evidentia-ry hearing when she alleged that the summons was not regular on its face and she submitted an affidavit of non-service which contested that service complied with the statute. We find that the summons was regular on its face, but we agree with Davis that the court erred in not holding an evidentiary hearing.
In Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364 (Fla. 4th DCA 1997), we explained that “neither the submission of affidavits nor argument of counsel is *1066 sufficient to constitute an evidentiary hearing.” Id. at 365 (quoting Sperdute v. Household Realty Corp., 585 So.2d 1168, 1169 (Fla. 4th DCA 1991)). Where the allegations contained in the motion to quash service of process and the supporting affidavit would establish a failure to effect valid service, an evidentiary hearing is required. Id. Here, Davis alleged in her affidavit that the summons and complaint were left on the doorstep of her apartment and that neither she nor a person residing in her home was served. Although there are exceptions, service is generally improper where the summons and complaint are left at the defendant’s door. See BoatFloat, LLC v. Cent. Transp. Int’l, Inc., 941 So.2d 1271, 1274-75 (Fla. 4th DCA 2006); Willoughby v. Seese Realty Inc., 421 So.2d 691, 692 (Fla. 4th DCA 1982).
Because Davis contested the veracity of the statements in the return of service, an evidentiary hearing was required. On remand, Davis will have the burden of proving by clear and convincing evidence that service did not meet the requirements of section 48.031, Florida Statutes (2012). See Bank of Am., N.A. v. Bornstein, 39 So.3d 500, 503 (Fla. 4th DCA 2010) (“If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence.”) (quoting Re-Emp’t Servs., Ltd. v. Nat’l Loan Acquisitions Co., 969 So.2d 467, 471 (Fla. 5th DCA 2007)).

Reversed and remanded for further proceedings in accordance with this opinion.

WARNER and GERBER, JJ., concur.