WARNER, J.
In this non-final appeal Karletta Taitón seeks review of the denial of her motion to quash service of process because the trial court failed to hold an evidentiary hearing. Because Taitón filed an affidavit attesting that she did not receive service of process, the trial court was required to conduct an evidentiary hearing on her motion to quash. We reverse.
Credit Union filed an action to foreclose a mortgage against Taitón. A process server filed the return of service, attesting that he made individual service upon Tai-tón at her front door and describing the person served in the return of process, including her gender, approximate height and weight. Thereafter, Credit Union filed a motion for default and motion for summary judgment. A default was entered against Taitón. The court entered a final judgment of foreclosure. Upon receiving the final judgment, Taitón filed a motion to quash service of process, asserting that she had never been served with process and was not aware of the proceedings. She executed and filed an affidavit in support of her motion to quash service of process, attesting to the lack of service and that at the time of the alleged service she was shorter and weighed noticeably less than the individual described in the return of service. Credit Union did not file a response. After a non-evidentiary hearing, the trial court denied the motion to quash.
Talton appeals the order, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). A trial court’s ruling on a motion to quash service of process is a question of law subject to the de novo standard of review. Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 698 (Fla. 4th DCA 2010). See also Carone v. Millennium Settlements, Inc., 84 So.3d 1141, 1143 (Fla. 4th DCA 2012).
Where the allegations of the motion to quash service of process, if true, would entitle the movant to relief, then the trial court errs in denying the motion without first affording the movant an evidentiary hearing. Montes-Mustira v. Aurora Loan Servs., L.L.C., 98 So.3d 778, 778 (Fla. 4th DCA 2012). In Montes-Mustira, as in this case, a final judgment of foreclosure was entered in favor of the lender, Aurora Loan Services. The borrowers filed a sworn motion to vacate, pursuant to Florida Rule of Civil Procedure 1.540(b), alleging that they had never been served with process. The trial court summarily denied the motion. We reversed because the allegations of the motion, if established as true, were sufficient to entitle the borrowers to relief, and they should have been given an evidentiary hearing.
Similarly, in Linville v. Home Savings of America, FSB, 629 So.2d 295 (Fla. 4th DCA 1993), the borrower filed a motion to quash service of process. Home Savings did not offer an affidavit in response. The only evidence presented was Linville’s affidavit denying she had received service. We reversed the trial court’s denial of the motion without an evidentiary hearing. We explained that the unrebutted allegations contained in the motion to quash service and the supporting affidavit, if proven by clear and convincing evidence, would establish the lender’s failure to effect valid service of process as required by section 48.031, Florida Statutes (1991). Thus, Linville was entitled to an evidentia-ry hearing on her motion to quash service of process. Accord, Fern, Ltd. v. Road Legends, Inc., 698 So.2d 364, 365 (Fla. 4th *448 DCA 1997); Se. Termite & Pest v. Ones, 792 So.2d 1266, 1268 (Fla. 4th DCA 2001).
We therefore reverse and remand for further proceedings. We note that, even though the court denied the motion to quash service, the order states that the final judgment and clerk’s default are both vacated. We remand for an evidentiary-hearing on the motion to quash service of process.
STEVENSON and GERBER, JJ., concur.