WALLIS, J.
Boca Stel 2, LLC (“Appellant”), appeals the denial of a motion to quash service of process in which Appellant argued JPMor-gan Chase Bank National Association’s (“Appellee”) return of service and subsequent service by publication were defective. Appellant argues that the trial court’s denial of the motion to quash was improper without first holding an eviden-tiary hearing.[1] We agree and, therefore, reverse and remand for an evidentiary hearing.
Appellee published constructive service in a weekly newspaper on November 9 and 16, 2012, following failed attempts at personal and substituted service of process. On March 25, 2013, Appellant filed a verified motion to quash constructive service of process. Appellant argued that notice of action was defective because Appellee’s return of service failed to allege that Appellant evaded service, did not reside in Florida, or that Appellant’s whereabouts were unknown. Appellant also argued in the motion to quash that Appellee’s constructive service was defective because of an insufficient search. The trial judge denied the motion to quash, without an evi-dentiary hearing, for failure to provide evidence besides the verified motion to quash. This appeal followed.
A trial court’s ruling on a motion to quash service of process is subject to a de novo standard of review. Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 698 (Fla. 4th DCA 2010) (citing Mecca Multimedia, Inc. v. Kurzbard, 954 So.2d 1179, 1181 (Fla. 3d DCA 2007)). Appellant *142 “must be able to demonstrate the invalidity of the service of process by clear and convincing evidence before the motion to quash could be granted.” Travelers Ins. Co. v. Davis, 371 So.2d 702, 703 (Fla. 3d DCA 1979) (holding that the lower court erred in not granting movant an evidentia-ry hearing on a motion to quash service of process). A motion to quash service of process entitles the movant to a full evi-dentiary hearing. Linville v. Home Sav. of Am., FSB, 629 So.2d 295, 295-96 (Fla. 4th DCA 1993) (ruling .that “neither the submission of affidavits nor argument of counsel is sufficient to constitute an evi-dentiary hearing” (citing Sperdute v. Household Realty Corp., 585 So.2d 1168, 1169 (Fla. 4th DCA 1991))).
In this case, the trial court’s order found that the only evidence presented was Appellant’s verified motion to quash. Here, as in Linville, “[t]he unrebutted allegations contained in appellant’s motion to quash service of process ..., if proven by clear and convincing evidence, would establish appellee’s failure to effect valid service of process....” Id. at 296 (citing Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983)). Accordingly, we reverse and remand for an evidentiary hearing.
REVERSED and REMANDED with instructions.
LAWSON and LAMBERT, JJ„ concur.

. Appellant further alleged that service was ineffective because the published notice of action failed to include either a date of first publication or a date within which Appellant should file defenses pursuant to section 49.09, Florida Statutes (2012). The record shows that the notice of action, as published in the Apopka Chief newspaper, contained the two specific dates of publication required under section 49.09.