DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PEGGY JOHNSON,**
Appellant,

v.

**CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF NORMANDY MORTGAGE LOAN
TRUST, SERIES 2013-9,**
Appellee.

No. 4D14-3495

[June 17, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No.
CACE12008342.

Daryl L. Jones and Faequa A. Khan of Law Offices of Daryl L. Jones,
P.A., Miami, for appellant.

Christian J. Gendreau of Storey Law Group, P.A., Orlando, for appellee.

LEVINE, J.

Appellant appeals a non-final order denying her emergency motion to
quash service of process and for other relief from a final judgment of
foreclosure. The trial court denied appellant's motion because it found the
affidavits in support thereof were improper because the notarizations were
on separate pages from the affiants' signatures. Although we find the trial
court erred in rejecting the affidavits for this reason, we affirm upon
application of the tipsy coachman doctrine, finding that appellant did not
present clear and convincing evidence that the service of process was
invalid.

In March 2012, CitiMortgage, Inc., filed a foreclosure complaint against
appellant, Peggy Johnson. A return of service was filed stating that
appellant was served via substitute service on Richard Johnson,
appellant's "Son," who "confirmed the defendant resides at the above
address" and was "informed . . . of the contents" in the summons. A clerk's
default was subsequently entered against appellant. Appellee, Christiana

Trust, a Division of Wilmington Savings Fund Society FSB, as Trustee of Normandy Mortgage Loan Trust, Series 2013-9, was later substituted as plaintiff. The trust obtained summary judgment against appellant.

In May 2014, appellant filed a motion to quash the service of process and for other related relief. Appellant alleged that she was "never personally served," and that "substitute service was not perfected on her" through service on her son, Richard Larrydale, because he was "not a resident" of her "usual place of abode." She executed an affidavit in support thereof, containing these allegations. Larrydale also executed an affidavit in support of appellant's motion, conceding that he spoke with the process server, but attesting that he did not reside or rent a room at the subject property at the date of service.

The trust filed a response to appellant's motion, claiming that appellant failed to meet her burden of proving that service was irregularly obtained, given that Larrydale did not dispute that he was personally served at the residence. It argued that appellant tendered no evidence establishing that Larrydale's residence was elsewhere at the time of service. The trust did not file any affidavits rebutting appellant's allegations.

The trial court held a hearing on appellant's motion. Appellant relied exclusively on the affidavits to support her motion.[1] The court found that the "affidavits are improper and inadequate" given that on each affidavit, the notary block was on a separate page from the attestations and signatures of each affiant. The trial court entered an order denying appellant's motion.

Appellant moved for reconsideration, raising the same grounds in her motion to quash. She also attached a copy of a "verified" letter from Orin Hamm, attesting that he had been Larrydale's roommate since November 2011 at a different address than the subject property. The trial court denied appellant's motion for reconsideration.

"The denial of a motion to quash service of process is subject to *de novo* review." *Sunseeker Int'l Ltd. v. Devers*, 50 So. 3d 715, 717 (Fla. 4th DCA 2010). "Statutes governing service of process should be strictly construed." *Id.* (citation omitted). "Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction

---

[1] Appellant also appeals the trial court's alleged error in not conducting an evidentiary hearing. We find this issue to be without merit as the trial court gave appellant the opportunity to present live witnesses and additional evidence, but appellant declined.

over the defendant." *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005) (citation omitted).

Section 48.031(1)(a), Florida Statutes (2013), provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

In the instant case, there was no dispute that the home at which the process server left the summons and complaint was appellant's "usual place of abode," that Larrydale was fifteen years of age or older, and that the process server informed him of the contents of the papers. Thus, the only question was whether Larrydale was "residing therein."

This question is governed by a "burden-shifting" analysis:

> The burden of proving proper service of process falls upon the party invoking the court's jurisdiction, and the return of service is evidence of whether service was validly made. If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence.

*Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 503 (Fla. 4th DCA 2010) (citation omitted).

"[A] defendant may not impeach the validity of the summons with a simple denial of service, but must present 'clear and convincing evidence' to corroborate his denial." *Telf Corp. v. Gomez*, 671 So. 2d 818, 819 (Fla. 3d DCA 1996). *See also Slomowitz v. Walker*, 429 So. 2d 797, 799 (Fla. 4th DCA 1983) (holding that "clear and convincing evidence" "must be presented to corroborate the defendant's denial of service," because permitting "a defendant to impeach a summons by simply denying service would create chaos in the judicial system").

In the present case, the trial court found the affidavits to be "improper" and "inadequate" because the notarization blocks were on a separate page from the affiants' signatures. Nothing in the text of section 117.05, Florida Statutes (2013), imposes a requirement that the notarization of a signature

on an affidavit be on the same page as the affiant's signature. Even assuming such a requirement, "Florida courts have concluded that minor technical defects in an affidavit do not render it a nullity." *Gupton v. Dep't of Highway Safety*, 987 So. 2d 737, 738 (Fla. 5th DCA 2008). It appears that the trial court's issue with the affidavits here would constitute a "technical defect," and not provide grounds for rendering the affidavits null. Furthermore, as pointed out by appellant at the hearing and in her motion for reconsideration, the notarized pages bear headings identifying the affiants. Accordingly, the trial court erred in rejecting the affidavits for this reason.

However, the tipsy coachman doctrine allows "an appellate court to affirm a trial court's decision on a ground other than that raised below, and argued on appeal, where there is 'support for the alternative theory or principle of law in the record before the trial court.'" *Advanced Chiropractic & Rehab. Ctr., Corp. v. United Auto. Ins. Co.*, 103 So. 3d 866, 869 (Fla. 4th DCA 2012) (citation omitted). Thus, "if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record." *Id.* (citation omitted).

Here, the trial court reached the "right result," because appellant failed to overcome the presumption of valid service that the return of service created. Appellant failed to present "clear and convincing evidence" to corroborate the affidavits challenging the service. *Cf. Kemmerer v. Klass Assocs., Inc.*, 108 So. 3d 672, 672-74 (Fla. 2d DCA 2013) (finding the defendant presented "clear and convincing evidence" that substituted service on her boyfriend in Arizona was improper by submitting "two affidavits in which she and [her boyfriend] asserted that she was not living at the Arizona address" and attaching copies of her Florida driver's license, property appraiser records, and property tax bill); *Carone v. Millennium Settlements, Inc.*, 84 So. 3d 1141, 1142-43 (Fla. 4th DCA 2012) (finding the defendant presented "clear and convincing evidence" that substituted service on her father was improper by submitting her sworn affidavit, a certified copy of the deed to her father's condominium, copies of his driver's license, U.S.P.S. form, and homestead exemption, and testimony from him, all demonstrating that he did not reside with the defendant).

Here, unlike the defendants in *Kemmerer* and *Carone*, appellant failed to present any additional evidence to corroborate the allegations made in the affidavits of appellant and Larrydale and Hamm's letter. Beyond the two affidavits and the "verified" letter, appellant failed to present "clear and convincing" evidence to corroborate the allegations contained therein or otherwise "impeach the validity of the summons." *Gomez*, 671 So. 2d at 819 (affirming the denial of appellants' motions to quash service, because

the individual appellant failed to sustain his "high burden of demonstrating the invalidity of their service" by attacking "the service of process with uncorroborated affidavits that he did not reside at the address to which service was accepted and that the corporate appellant transacted no business at that address").

In sum, appellant's "uncorroborated affidavits that [Larrydale] did not reside at the address to which service was accepted" are insufficient to sustain her "high burden of demonstrating the invalidity of their service." *Id.* Accordingly, because the trial court reached "the right result, but for the wrong reasons," the trial court's order denying appellant's motion is affirmed. *Advanced Chiropractic,* 103 So. 3d at 869 (citation omitted).

*Affirmed.*

STEVENSON and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

5