DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GABRIELA BENEDETTO,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HOME EQUITY ASSET TRUST 2007-3 HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2007-3,**
Appellee.

No. 4D14-1811

[ December 16, 2015 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 2012CA012949XXXXMB.

Romin N. Currier of Pincus & Currier LLP, West Palm Beach, for appellant.

N. Mark New and William L. Grimsley of McGlinchey Stafford, Jacksonville, for appellee.

TAYLOR, J.

Gabriela Benedetto appeals a non-final order denying her motion to quash service of process in this mortgage foreclosure action. Because Benedetto did not waive the defense of improper service, and because the allegations of her motion to quash and supporting affidavit, if true, would entitle her to relief, the trial court erred in denying the motion without first affording her an evidentiary hearing. We therefore reverse and remand for an evidentiary hearing.

U.S. Bank N.A. (the "Bank") filed a foreclosure complaint against the borrower, Candyce Petrie, and other defendants who might claim an interest in the property, including appellant Benedetto. An Affidavit of Service states that the complaint was served on Benedetto's roommate, Kiera Condrey, at a California property described as Benedetto's usual place of abode.

Several months later, Benedetto moved for an extension of time to respond to the complaint. The trial court entered an Agreed Order on Defendant's Motion for Extension of Time, which granted Benedetto's motion and stated that Benedetto "shall have fifteen (15) days to serve an answer to plaintiff's complaint."

Instead of answering the complaint, Benedetto filed a motion to quash service of process on the grounds that she was not personally served and that Kiera Condrey was not a member of her household or authorized to accept service on her behalf. Benedetto later filed an affidavit in support of the motion to quash, alleging that: (1) she was never served with the complaint; (2) she did not reside at the California property at the time of service; (3) she owned the California property as rental property, which she leased to Kiera Condrey as her tenant; and (4) she had never been Kiera Condrey's roommate.

The Bank later moved to strike Benedetto's motion to quash, arguing that by agreeing to entry of the Agreed Order on the motion for extension of time, Benedetto affirmatively agreed to file an answer and waived her right to challenge the trial court's jurisdiction. The Bank asserted that Benedetto "directly violated" the Agreed Order by failing to answer the complaint within fifteen days of the order.

The trial court held a hearing on the motion to quash, but the record does not contain a transcript of that hearing. After the hearing, the trial court entered an order denying the motion to quash and giving Benedetto ten days to file an answer. The order does not contain the court's reasoning for denying the motion to quash. However, it is apparent from the language of the order that the hearing on the motion to quash was a non-evidentiary hearing. The order states that the court "heard argument of counsel," but does not state that the court considered any evidence.

On appeal of the denial of the motion to quash, Benedetto argues that the trial court erred in ruling that she submitted to the court's jurisdiction by filing a motion for extension of time and agreeing to the order which granted her an extension of time to answer the complaint.

The standard of review of an order denying a motion to quash service of process is *de novo*. *Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 502 (Fla. 4th DCA 2010).

Where a return of service is regular on its face, it "is presumed valid unless clear and convincing evidence is presented to the contrary." *Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989).

2

However, the movant is entitled to an evidentiary hearing on a motion to quash service of process where the unrebutted allegations in the motion and supporting affidavit, if proven by clear and convincing evidence, would establish the failure to effect valid service of process as required by section 48.031, Florida Statutes. *Linville v. Home Sav. of Am., FSB*, 629 So. 2d 295, 296 (Fla. 4th DCA 1993). Accordingly "[w]here the allegations of the motion to quash service of process, if true, would entitle the movant to relief, then the trial court errs in denying the motion without first affording the movant an evidentiary hearing." *Talton v. CU Members Mortg.*, 126 So. 3d 446, 447 (Fla. 4th DCA 2013). In this context, "neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing." *Linville*, 629 So. 2d at 296.

Here, the trial court erred in denying the motion to quash service of process without first affording Benedetto an evidentiary hearing. The allegations in Benedetto's motion to quash and supporting affidavit, if proven by clear and convincing evidence, would have established the Bank's failure to effect valid service. Moreover, because the hearing on the motion was a non-evidentiary hearing that consisted solely of legal argument, the absence of a transcript of the hearing does not require an affirmance under *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979). *See, e.g., SPCA Wildlife Care Ctr. v. Abraham*, 75 So. 3d 1271, 1275 (Fla. 4th DCA 2011); *Ronbeck Constr. Co. v. Savanna Club Corp.*, 592 So. 2d 344, 348 (Fla. 4th DCA 1992).

The argument asserted by the Bank in its written motion to strike Benedetto's motion to quash was that, by agreeing to the entry of the Agreed Order on the motion for extension of time, Benedetto affirmatively agreed to file an answer and therefore waived her right to challenge the trial court's jurisdiction. But this argument lacks merit. Where a defendant files a motion for extension of time to answer a complaint, the defendant does not submit to the jurisdiction of the court or waive the defense of lack of jurisdiction for failure of service of process. *Byers v. FIA Card Servs., N.A.*, 82 So. 3d 1166, 1168 (Fla. 4th DCA 2012).

Here, neither the motion for extension of time, nor the Agreed Order granting the extension of time, constituted a waiver of the defense of improper service of process. The Agreed Order granting the motion for extension of time meant only that the parties agreed to the extension of time. Nothing in the language of the Agreed Order operated as a waiver of appellant's jurisdictional defenses or precluded appellant from filing a pre-answer motion. Thus, if the trial court denied the motion to quash service on the ground that the motion for extension of time and the Agreed Order

granting the extension of time operated as a waiver of the defense of lack of jurisdiction, such ruling was error.

Contrary to the Bank's suggestion, this is not a case where Benedetto failed to meet her burden of presenting clear and convincing evidence that service was improper. Benedetto was never afforded an opportunity for an evidentiary hearing in the first place.[1] The order on appeal contradicts the Bank's suggestion that the trial court may have "evaluated the evidence before it and concluded that service on Benedetto was proper." Although the order stated that the court "heard argument of counsel," it did not state that the court considered any evidence.

Accordingly, we reverse for the trial court to hold an evidentiary hearing on the motion to quash service of process.

*Reversed and Remanded.*

WARNER and FORST, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Our recent opinion in *Johnson v. Christiana Trust*, 166 So. 3d 940 (Fla. 4th DCA 2015), is distinguishable. In that case, we rejected the appellant's claim that the court erred in not conducting an evidentiary hearing on a motion to quash service where "the trial court gave appellant the opportunity to present live witnesses and additional evidence, but appellant declined." *Id.* at 942 n.1. In other words, the record in *Johnson* confirmed that the movant was afforded the opportunity for an evidentiary hearing, but the movant nonetheless rested exclusively on affidavits to support the motion and declined to present any additional evidence.