DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARLENE PREUDHOMME,**
Appellant,

v.

**CHRISTOPHER MATTHEWS** and **GARTH BAILEY,**
Appellees.

No. 4D15-3640

[June 15, 2016]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. CACE 14-004538 (12).

Arlene Preudhomme, Pembroke Pines, pro se.

Joseph S. Geller of Greenspoon Marder, P.A., Fort Lauderdale, for appellee, Christopher Matthews.

PER CURIAM.

We reverse the order granting the motion to quash service of process.

A plaintiff seeking to "invoke the court's jurisdiction bears the burden of proving proper service," which requires a showing that the return of service is "facially valid or regular on its face." *Koster v. Sullivan*, 160 So. 3d 385, 389 (Fla. 2015). "If the return is regular on its face, then the service of process is presumed to be valid and the party challenging service has the burden of overcoming that presumption by clear and convincing evidence." *Id.* (quoting *Re–Emp't Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)); *see also Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 503 (Fla. 4th DCA 2010). Thus,

> a defendant cannot impeach a summons by simply denying service, but must present "clear and convincing evidence" to corroborate his denial of service. *Slomowitz v. Walker*, 429 So. 2d 797, 799 (Fla. 4th DCA 1983). Clear and convincing evidence requires that the witnesses to a fact be credible; the facts testified to must be distinctly remembered; the details

must be narrated exactly and in order; the testimony must be clear, direct and weighty; and the witnesses must be lacking in confusion as to the facts in issue.

*Lazo v. Bill Swad Leasing Co.*, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989); *see also Bornstein*, 39 So. 3d at 503 (stating "clear and convincing evidence" standard for overcoming presumption of valid service).

Here, appellant met her initial burden of establishing the validity of service, as the return of service was regular on its face. The burden thus shifted to appellee to demonstrate that the place of service was not his usual place of abode. Appellee presented no documentation or live testimony at the hearing on the motion to quash, only his affidavit, which fell short of the "clear and convincing evidence" standard. *See Johnson v. Christiana Tr.*, 166 So. 3d 940, 943-44 (Fla. 4th DCA 2015).

*Reversed and remanded.*

GROSS, CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**