# Third District Court of Appeal

## State of Florida

Opinion filed March 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0707
Lower Tribunal No. 24-19938-CA-01
_____

**Orville Smith,**
Appellant,

vs.

**Alexandra Smith,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Orville Smith, in proper person.

Law Offices of E.I. Friedman, P.A., and Eyal I. Friedman, for appellee.

Before LOGUE, GORDO and BOKOR, JJ.

BOKOR, J.

Orville Smith appeals from the dismissal of his action against Alexandra Smith for failure to serve Alexandra within 120 days of filing the complaint as required by rule. Service on Alexandra was facially valid, and Alexandra failed to present evidence to refute such facially valid service. Because Orville is correct that Alexandra failed to provide an evidentiary basis to quash service, we reverse.[1]

## I.

On October 17, 2024, Orville filed a complaint against Alexandra (and another dismissed defendant that is not a part of this appeal) for slander, harassment, and other claims. On November 1, 2024, Alexandra's counsel filed a notice of appearance. Orville amended the complaint on November 2, 2024, to assert a claim for libel in place of slander.

---

[1] Because we reverse for the outlined reasons, we decline to elaborate on Orville's other, mostly meritless, arguments. For example, he argues that a notice of appearance waives the right to contest personal jurisdiction. But we have held otherwise. See Mesa v. Bank of N.Y., 180 So. 3d 222, 224–25 (Fla. 3d DCA 2015) (explaining that a notice of appearance, without more, does not waive a party's right "to contest personal jurisdiction") (citing Pub. Gas Co. v. Weatherhead Co., 409 So. 2d 1026, 1027 (Fla. 1982) (holding that "the filing of a 'notice of appearance' by Weatherhead's counsel did not waive its right to claim lack of jurisdiction over its person")). Orville also argues that Alexandra participated in the case prior to challenging service, effectively waiving her right to challenge service, but provides no support in the record for the claim.

On February 24, 2025, Orville filed an emergency motion to waive service of process, claiming that because Alexandra's attorney had worked on a marital settlement agreement in the separate divorce action, that constituted an appearance and waiver of service because of active participation in this litigation. The trial court denied the motion on the same day. Later that day, Orville filed an emergency motion for alternative service, mostly based on the same argument. On February 27, 2025, the trial court denied the motion for failure to meet the requirements of sections 49.011 and 49.021, Florida Statutes.

On March 4, 2025, Orville filed a motion for extension of time to complete service of process, arguing that Alexandra was evading service and again making the argument regarding active participation in the case. On March 7, 2025, the trial court denied the motion finding no good cause shown. On March 11, 2025, the trial court issued a separate order dismissing the case due to Orville's failure to serve within 120 days of filing pursuant to Florida Rule of Civil Procedure 1.070(j). On that same day, Orville moved to vacate the dismissal and reinstate the case, noting service of process on March 5, 2025, for which a return of service was docketed. The return of service noted that the summons was accepted by someone authorized to accept service on behalf of Alexandra and her place of employment, the

3

Miami VA Healthcare system within the Department of Veterans Affairs. On March 21, 2025, the trial court vacated the dismissal and reinstated the case as to Alexandra.

On March 24, 2025, Alexandra moved for rehearing and to quash service of process, attaching to the motion a letter from the human resources department at the Department of Veterans Affairs noting that Alexandra was employed at the VA from 2019 through February 14, 2025. Orville opposed the motion, noting that no document produced showed a separation from federal service before the date of service, and that the motion to quash lacked evidentiary support. The trial court held a hearing on April 15, 2025, for which there is no transcript on the record. On April 16, 2025, the trial court issued an order quashing service and dismissing the case "for failure by Plaintiff to perfect service . . . within 120 days of the date of filing the complaint" as required by rule. The order explains that "[s]ervice was attempted at Defendant ALEXANDRA SMITH's former employer where Defendant was no longer working." The trial court then entered a separate order dismissing the case. This appeal follows.

## II.

"The determination of whether the trial court properly ruled on a motion to quash service of process for lack of personal jurisdiction is a question of

law, which we review *de novo*." <u>Mecca Multimedia, Inc. v. Kurzbard</u>, 954 So. 2d 1179, 1181 (Fla. 3d DCA 2007). Where a return of service is valid on its face, as it is here, it "is presumed valid unless clear and convincing *evidence* is presented to the contrary." <u>Lazo v. Bill Swad Leasing Co.</u>, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989) (emphasis added); <u>see also</u> <u>Florida Nat'l Bank v. Halphen</u>, 641 So. 2d 495, 496 (Fla. 3d DCA 1994) (citing <u>Lazo</u> and explaining that "a defendant cannot impeach a summons by simply denying service, but must present clear and convincing evidence to corroborate his denial of service" (quotation omitted)).[2]

Here, Alexandra moved to quash service through an unverified motion with no accompanying affidavit. The motion attaches a lone hearsay letter from a human resources assistant at the VA. But the motion fails to attach an affidavit from the movant, from a records custodian at the VA, or otherwise provide any admissible evidence. And to meet the clear and convincing burden in the face of presumptively valid service, "evidence must be

---

[2] Alexandra argues that the return of service was invalid because service occurred after 120 days but before dismissal. This court has explained that dismissal is not self-effecting, and valid service before dismissal remains effective. <u>See, e.g.</u>, <u>Est. of Schafer v. Schafer</u>, 582 So. 2d 121, 122 (Fla. 3d DCA 1991) ("Because the appellant perfected service of process [after the expiration of 120 days but] prior to the hearing on and entry of dismissal, the trial court erred in dismissing the complaint" on that basis.)

presented to corroborate the defendant's denial of service." <u>Slomowitz v. Walker</u>, 429 So. 2d 797, 799 (Fla. 4th DCA 1983). And presumably, the requirement for evidentiary support means that that "defendant's denial of service" requires more than mere argument, but an affidavit from the defendant expressly refuting service. <u>Id.</u> Again, Alexandra proffered no affidavit to support her motion to quash. Our sister court, in reversing the denial of a motion to quash, provides guidance on the proper procedure to contest a facially valid return of service and our role in reviewing the resulting order:

> Where a return of service is regular on its face, it "is presumed valid unless clear and convincing evidence is presented to the contrary." <u>Lazo v. Bill Swad Leasing Co.</u>, 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989). However, the movant is entitled to an evidentiary hearing on a motion to quash service of process where the unrebutted allegations in the motion and supporting affidavit, if proven by clear and convincing evidence, would establish the failure to effect valid service of process as required by section 48.031, Florida Statutes. <u>Linville v. Home Sav. of Am., FSB</u>, 629 So. 2d 295, 296 (Fla. 4th DCA 1993). Accordingly "[w]here the allegations of the motion to quash service of process, if true, would entitle the movant to relief, then the trial court errs in denying the motion without first affording the movant an evidentiary hearing." <u>Talton v. CU Members Mortg.</u>, 126 So. 3d 446, 447 (Fla. 4th DCA 2013). In this context, "neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing." <u>Linville</u>, 629 So. 2d at 296.

> Here, the trial court erred in denying the motion to quash service of process without first affording Benedetto an evidentiary hearing. The allegations in Benedetto's motion to quash and supporting affidavit, if proven by clear and convincing evidence,

6

> would have established the Bank's failure to effect valid service. Moreover, because the hearing on the motion was a non-evidentiary hearing that consisted solely of legal argument, the absence of a transcript of the hearing does not require an affirmance under <u>Applegate v. Barnett Bank of Tallahassee</u>, 377 So. 2d 1150 (Fla. 1979). <u>See, e.g.</u>, <u>SPCA Wildlife Care Ctr. v. Abraham</u>, 75 So. 3d 1271, 1275 (Fla. 4th DCA 2011); <u>Ronbeck Constr. Co. v. Savanna Club Corp.</u>, 592 So. 2d 344, 348 (Fla. 4th DCA 1992).

<u>Benedetto v. U.S. Bank Nat'l Ass'n</u>, 181 So. 3d 564, 566–67 (Fla. 4th DCA 2015).

We have no transcript of the proceedings. But as explained above, there's no <u>Applegate</u> issue where the hearing was non-evidentiary. <u>Id.</u> at 567. The order explains that the court "reviewed the motion for rehearing, the response, the record, [and] arguments of the respective parties." The order does not reference any evidence presented. The order contains neither findings of fact, nor explains what evidence the trial court relied on to conclude that "[s]ervice was attempted at Defendant ALEXANDRA SMITH's former employer where Defendant was no longer working." So we have presumptively valid service, a nonverified motion (with no affidavit) with an attached hearsay letter, and a conclusory order that contains no findings of fact or reference to any evidence supporting the ultimate conclusion that Alexandra wasn't working at the VA at the time of service. This precludes effective appellate review. <u>See, e.g.</u>, <u>Shaw v. Shaw</u>, 445 So. 2d 411, 412

7

(Fla. 4th DCA 1984) (remanding where the trial court failed to make specific factual findings or articulate a clear legal basis for its ruling, explaining that "effective appellate review is made impossible by the absence of specific findings").

To the point, absent any evidentiary basis (i.e., "unrebutted allegations in the motion and supporting affidavit [that], if proven by clear and convincing evidence, would establish the failure to effect valid service of process as required by section 48.031, Florida Statutes," Benedetto, 181 So. 3d at 566), there would have been no reason to provide the movant with an evidentiary hearing. This court addressed a similar issue and concluded that a movant seeking to quash service of process was not entitled to an evidentiary hearing where the return of service was facially valid and the affidavit attached to the motion (which we don't have here) "asserts no personal knowledge, [and contains] only inadmissible hearsay, to controvert the return of service." Smith v. Cuban Am. Nat'l Found., 657 So. 2d 86, 87 (Fla. 3d DCA 1995). In that context, this court affirmed the denial of the motion to quash and explained that "there was no necessity to conduct an evidentiary hearing as the unrefuted return of service was sufficient to establish that the service of process was entirely proper in this case." Id.

Here, the trial court didn't conduct an evidentiary hearing without a prima facie evidentiary showing. Instead, it conducted a nonevidentiary hearing yet still granted the motion to quash. This was error as no clear and convincing evidentiary basis was, or could have been, provided in this context.

## III.

For the reasons explained above, the trial court, after a nonevidentiary hearing, erred in granting the motion to quash. The motion to quash failed to contain an affidavit or make a prima facie showing of clear and convincing evidence to support a finding that service was invalid. Additionally, the failure to serve after 120 days, but before dismissal, did not provide a legal basis to quash.

Reversed and remanded.